In the Matter of the Marriage of
MILSTEN,
*Respondent,*
*and*
MILSTEN,
*Appellant.*

(No. D7707 09446, CA 12439)

598 P2d 1268

Ronald I. Gevurtz, Portland, argued the cause for appellant. With him on the brief was Pozzi, Wilson, Atchison, Kahn & O'Leary, Portland.

Richard O. Nesting, Portland, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Tanzer, and Richardson, Judges.

RICHARDSON, J.

## RICHARDSON, J.

Husband appeals a decree of dissolution contending the amount and duration of spousal support is unreasonable and the property division inequitable.

The parties were married for approximately nine years although they had separated about one year prior to the dissolution proceedings. There were no children born of the marriage.

Wife, who at the time of the dissolution trial was 52 years of age, has a long standing emotional illness which required hospitalization eight or nine times during the marriage. The duration of the hospital stays ranged from three weeks to three months. She has an eighth grade education and sporadic work experience. At the time of the trial she was employed part-time as a busgirl in a restaurant earning a gross wage of $2.95 per hour. She anticipated working full-time in the restaurant as soon as she received medical authorization.

Husband, 50 years old at the time the decree was entered, is a longshoreman. His current net earnings are approximately $1,378 per month. He testified that his earnings include a lot of overtime and that he often works 56 hours a week. Husband's former wife died prior to his present marriage, leaving him with the care of their son who is presently 18 years old. As a result of the former wife's death the son receives monthly social security payments which husband has accumulated in a savings account. He intends to use the money accumulated, approximately $9,300, to finance his son's college education.

The court ordered husband to pay $250 per month spousal support until the wife reaches 62 years of age. Considering the wife's illness, lack of formal education and her work experience, we conclude the award of spousal support is proper.

The principal asset of the parties is the residence. It was purchased by husband two years prior to the

marriage for $14,000. He estimates its present value as $26,000 to $28,000. Wife estimated the value to be $40,000. Wife brought very little to the marriage other than her clothing, a few pieces of furniture and some dishes. The court awarded the residence to husband and gave wife a judgment for $5,000, payable without interest.

In the division of property ORS 107.105(1)(e) requires the court to view the contribution of the homemaking spouse as a contribution to the marital assets. That subsection also states: "There is a rebuttable presumption that both spouses have contributed equally to the acquisition of property during the marriage." The particular facts of this case lead us to the conclusion the presumption of the wife's contribution as a homemaker has been substantially rebutted. Due to her illness and the attendant hospitalization she has been able to function only sporadically as a homemaker. The evidence indicates she was incapacitated for two to three months prior to each hospitalization and also for approximately the same period during recuperation after release from the hospital. For the most part husband had assumed the duties of caring for wife and the house.

Because of wife's limited contribution, the limited financial condition of the family, the fact the home was brought to the marriage by husband and the spousal support awarded wife, the judgment of $5,000 in favor of wife should be deleted from the decree.

Affirmed as modified. No costs to either party.