In the Matter of the Marriage of

**PETKOVICH,**
*Appellant - Cross-Respondent,*
*and*
**PETKOVICH,**
*Respondent - Cross-Appellant.*

(No. 36932, CA 19031)

632 P2d 1304

Allyn E. Brown, Newberg, argued the cause for appellant - cross-respondent. With him on the briefs was Donald O. Tarlow, Newberg.

John W. Hitchcock, McMinnville, argued the cause and filed the brief for respondent - cross-appellant.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

In this dissolution suit, wife appeals the trial court's property division and the denial of permanent spousal support. Husband cross-appeals, claiming the property awarded wife was excessive. We review *de novo,* ORS 19.125(3), and affirm.

The parties' eight year marriage was wife's third and husband's first. Wife, age 46, is mentally handicapped as a result of a childhood illness and has an IQ of 76. She possesses second grade reading and arithmetic skills, cannot manage money, is socially immature and needs assistance to function in society. She never has been gainfully employed. With training, she might find a minimum wage job. Her physical health is good. Husband, aged 65, has worked for a railroad nearly forty years. His monthly gross income is $1,600 and he is eligible to retire with a tax-free monthly pension of $1,000. His health is poor. He has suffered a heart attack and has undergone open heart surgery.

The marital assets include: a house assessed at $45,700, $4,669 in U.S. Savings Bonds, a $3,200 savings account, $1,076 in tax refunds, and miscellaneous furniture and personal property. The trial court found that, with the exception of a chest of drawers, wife brought no material assets into the marriage and that all the marital assets were the product of husband's contributions before and during the marriage. The court found that wife's contribution to the marriage was the performance of her duties as wife and homemaker, but that, because of her handicap, she was not able to perform these duties very well. Consequently, the demands made upon her were slight and husband performed many household tasks. These findings are supported by the evidence.

The trial court divided the property as follows: wife was awarded the tax refunds, an $8,000 judgment to be paid in $250 installments beginning in March, 1982, with 9% interest, spousal support of $300 monthly for eighteen months, $750 attorney fees and some furniture and personal property. Husband was awarded the remainder of the assets, including the house, savings account, savings bonds, and his retirement benefits.

Wife contends that she should have been awarded one-half of the assets acquired during the marriage, including $31,800 appreciation on the house (a figure neither husband nor the trial court accepted), the savings account, and savings bonds. She asks for the long half of the property to offset husband's retirement benefits. She also contends that the $8,000 judgment should be payable immediately. Husband maintains that the award of the $8,000 judgment and the tax refunds was excessive because wife contributed nothing to the marriage.

■■ ORS 107.105 creates a rebuttable presumption that the spouses contributed equally to the acquisition of property during a marriage; however, that presumption has been rebutted in this case. Wife's financial contribution to the marriage was minimal, due at least in part to her handicap. The bulk of the assets of the marriage were the direct result of husband's contributions and labor. The division of property giving him the larger share is equitable.

Wife relies on *Kitson and Kitson,* 17 Or App 648, 523 P2d 575, *rev den* (1974), in support of her claim for permanent spousal support. In *Kitson* we held that when wife is not employable, or is only employable at a low income compared to the standard of living during the marriage, permanent support is appropriate. In *Grove and Grove,* 280 Or 341, 571 P2d 477 (1977), the Supreme Court held that every case must be considered on its own facts and that the factors which should be considered in awarding spousal support include each party's contribution to the marriage, the length of the marriage, the health and financial condition of the spouses, earning capacity of the spouses, and the fact that one spouse did forego employment or training opportunities as a result of the marriage and could therefore only find employment at a rate of pay providing only minimal self-support.

■ The evidence in this case shows the marriage was of relatively short duration, husband is in poor physical health while wife's physical health is good, wife made no financial contribution to the marriage and did not forego employment or training opportunities as a result of the marriage and that wife, though handicapped, can be

trained so that she will be employable but cannot expect to earn sufficient salary to continue living at the standard she enjoyed during the marriage. Temporary spousal support will make it possible for wife to enter a training program which should enable her to find employment and become moderately self-sufficient. It should also motivate her to do so. *See Grove and Grove, supra.*

The trial court's order that the judgment be paid in installments is reasonable.

Affirmed. No costs to either party.