Argued and submitted November 10, 1993, remanded in part with instructions and otherwise affirmed on appeal; affirmed on cross-appeal February 16, 1994

In the Matter of the Marriage of

Charlotte Weeks NIXON,
*Appellant - Cross-Respondent,*
*and*

Robert C. NIXON,
*Respondent - Cross-Appellant.*

(C91-0658DR; CA A74386)

868 P2d 1352

Susan E. Watts argued the cause for appellant - cross-respondent. With her on the briefs was Kennedy, King & Zimmer.

Andrew M. Rich argued the cause for respondent - cross-appellant. With him on the brief were H. Kenneth Zenger and Huffman, Zenger & Rich, P.C.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

EDMONDS, J.

## EDMONDS, J.

Wife appeals a dissolution judgment that awarded husband 55 percent of the parties' assets[1] and awarded her monthly spousal support of $1,500. Husband cross-appeals, seeking a greater percentage of the marital assets and the elimination of wife's spousal support award. On *de novo* review, ORS 19.125(3), we modify the judgment in part.

This dissolution ends a marriage of 29 years. Husband is 65 and wife is 57. The parties have two daughters who were 27 and 25 years old at the time of trial. Husband is a practicing dentist. Wife has a bachelor's degree in nursing and worked as a nurse until the parties were married. After their marriage in 1962, she worked outside the home on a limited basis. For the first eight years of the marriage, she was a homemaker and the primary caretaker of their two daughters. During that time, she was actively involved in the children's school activities and assisted husband in his dental practice.

In 1970, she became seriously ill with pneumonia. A few years after she recovered from that illness, she realized that she suffered from alcoholism. In April, 1980, she moved out of state to seek treatment and returned to live with husband in November, 1982. She has not had an alcoholic drink since March, 1981. Because of marital difficulties, she moved out again in November, 1985. The parties reunited in January, 1988, and lived together for the next three years until wife moved out permanently in September, 1991.

Husband testified as to wife's contribution during the marriage. He acknowledged that the parties' marriage was "normal" until 1970, because wife took care of the children and helped him with his dental practice. He said that for the next several years, while she recovered from pneumonia and was experiencing problems with alcoholism, she tried very hard and "at times she did a nice job with the girls."

---

[1] The parties' marital assets, totalling more than $1,500,000, included husband's dental office and practice, real property, personal property, an insurance policy, separately owned investment accounts, and a PaineWebber joint investment account. The parties agreed to the disposition of most assets. The trial court divided the jointly owned investment account, awarding husband $313,685 and wife $441,015. Under the trial court's award, husband received assets valued at $864,820, and wife received assets worth $707,580.

He said that when wife returned in November, 1982, she cooked some of the meals and did some chores around the house. He offered testimony that during the periods of wife's absences, he assumed full responsibility for raising the children and running the household. When she returned, he continued to do much of the cooking and hired someone to do all of the house cleaning and maintenance.

The trial court awarded husband 55 percent of the total assets, reasoning that:

> "This is a 29 year marriage during which wife has absented herself from the family home for approximately 53 months, or, for about 15 percent of the total time of the marriage. Additionally, there were several years when wife was incapacitated because of her alcoholism. *Because of those years of separation and alcoholism, the presumption that the wife, as a homemaker, has jointly contributed to the acquisition of assets in this case is to some degree rebutted*, but the amount is difficult to quantify. Nevertheless, I am convinced that there should at least be a ten percent differential in the division of assets, and so I believe that an award of 55 percent of the marital estate to the husband and 45 percent to the wife is just and proper under the rather unique circumstances of this case." (Emphasis supplied.)

First, we address wife's argument that the court erred when it awarded husband 55 percent of the marital estate. ORS 107.105(1)(f) provides that "[t]here is a rebuttable presumption that both spouses have contributed equally to the acquisition of property during the marriage." A party seeking to rebut that presumption must prove "by a preponderance of the evidence that it is more probable than not that the other spouse did *not* contribute equally to the acquisition of the property." *Stice and Stice*, 308 Or 316, 326, 779 P2d 1020 (1989). (Emphasis in original.) Furthermore, in a long term marriage, marital assets are to be divided as equally as possible, *Richardson and Richardson*, 307 Or 370, 379, 769 P2d 179 (1989), and we are less concerned with the relative contributions of each party. *Warner and Warner*, 39 Or App 755, 760, 593 P2d 1236, *rev den* 286 Or 637 (1979).

We are aware of only two cases in which we have held that the presumption of equal contribution was rebutted by the fact that one party was incapacitated due to illness during the marriage. In *Milsten and Milsten*, 41 Or App 703, 598 P2d

1268 (1979), during the parties' nine-year marriage, the wife had a severe emotional illness that required her to be hospitalized eight or nine times. The duration of each stay ranged from three weeks to three months, and she was incapacitated for two to three months before and after each time she was hospitalized. There were no children of the marriage. We affirmed an unequal property division and said:

> "The particular facts of this case lead us to the conclusion that the presumption of the wife's contribution as a homemaker has been substantially rebutted. Due to her illness and the attendant hospitalization she has been able to function only sporadically as a homemaker." 41 Or App at 706.

In *Petkovich and Petkovich*, 53 Or App 634, 632 P2d 1304, *rev den* 291 Or 771 (1981), the wife was mentally handicapped due to a childhood illness and was never gainfully employed. The trial court found that, with the exception of a chest of drawers, the wife brought no marital assets into the parties' eight-year marriage and that all of the marital assets were the direct result of husband's financial contributions and labor. The parties had no children. The wife's contribution to the marriage consisted of her performance of her duties as wife and homemaker, but because of her handicap, she was not able to perform those duties very well. Consequently, husband did many of the household tasks, and the demands on her were slight. We held that the presumption of equal contribution was rebutted because wife's contribution was minimal and that the division of property that gave husband a greater share was equitable. 53 Or App at 637.

In this case, husband argues that because wife was out of the home for approximately four and a half years, her overall contribution to the marriage was less than his. The parties were married for 29 years. The trial court found that the disproportional contribution by husband was comparatively slight. We agree that there is some evidence to support the trial court's finding. However, even when wife was struggling with her alcoholism, she contributed to the household to the best of her ability. Although the parties were separated for over four years during their marriage, two of those years were necessary for wife to get treatment for her illness. Husband agreed to the out-of-state treatment for alcoholism and during the separation, wife remained in contact with her

family. The other separation occurred when the children were teenagers and were able to provide for their own care.

The other part of husband's argument is that wife did not do her fair share even when she was in the home. Even if we were persuaded by the evidence that that is the case here, we would be reluctant to attempt to quantify the contributions of any spouse in a 29-year marriage. A myriad of circumstances can occur which may require one spouse "to carry a greater load" than the other at any given time. Part of the bargain of marriage is to do more than one's fair share when necessary. We believe that that policy inheres in the language of ORS 107.105(1)(f), which creates the presumption in favor of equal contribution. In every dissolution of marriage proceeding, a claim could be made by one spouse that he or she contributed more than the other. That is not the kind of evidence that will support a finding that the statutory presumption has been overcome. In contrast, the cases that have held that the presumption was overcome involved only a sporadic or negligible contribution in marriages that did not exceed nine years and where there were no children of the marriage.

Accordingly, on the facts of this case, we hold that the trial court erred when it held that the presumption had been overcome and when it awarded husband a disproportionate amount of the marital property. In order to equalize the award, wife's portion of the PaineWebber joint account is increased to $519,635, and husband's portion of the account is reduced to $235,065.

Wife's other assignment of error and husband's cross- appeal regarding spousal support do not require discussion, and we affirm the trial court's award of indefinite spousal support to wife of $1,500 per month.

On appeal, remanded for entry of judgment modifying the first sentence of paragraph 3(m) to read, "PaineWebber joint account portion in the sum of $519,635 (approximate value at time of trial), or .6885% of the current portfolio value as of the date of this decree," and modifying the first sentence of paragraph 4(u) to read, "PaineWebber joint account portion in the sum of $235,065 (approximate

value at time of trial), or .3115% of the current portfolio value as of the date of this decree,'' and otherwise affirmed; affirmed on cross-appeal. Costs to wife.