This is a divorce case. *Page 106 
The trial court divorced the parties, made a division of property, ordered the husband to pay alimony and child support, and awarded the wife an attorney's fee.
The husband, through able and distinguished counsel, appeals, contending the trial court abused its discretion in the division of property, in the award of alimony and child support, and in the award of attorney's fees. We find no abuse of discretion and affirm.
The record, viewed with the attendant presumptions, reveals the following:
The parties were married approximately twelve years. Three children, ages seven, five, and four months, were born of the union. The wife was awarded custody of the children. Custody is not an issue in this appeal.
The husband is a soldier in the United States Army. At the time of trial he had attained an E-6 pay grade. His net income was $1,032.24 per month. There was testimony indicating that the husband would receive a pay raise in the near future. The amount of this anticipated raise was not stated in the record.
There was evidence that the husband was guilty of adultery and that his adulterous conduct spanned a number of years. The husband at the time of trial was living with his paramour.
The wife, at the time of trial, was unemployed. The wife and the parties' three children lived in the home of her parents. The wife testified to the effect that she had to borrow money from her father to support herself and the children. She also testified that the need to care for the children made it difficult to secure employment. The record further reveals that the wife has a high school education and that she has little work experience.
The parties have few material assets. Their property consists of household furnishings, two automobiles, and various items of personal property. The husband owns shares in the Putnam Growth Fund. These shares were inherited from his father. The wife has no separate estate.
The trial court, after an ore tenus hearing, found that the husband's adulterous conduct caused the divorce and awarded the wife $100 per month as alimony and $150 per month per child as child support. The trial court divided the property by awarding the wife the two automobiles, several Hummel figurines, and the household furnishings. The husband was awarded all personal property in his possession and the Putnam Growth Fund shares. The wife was awarded a $1,000 attorney's fee.
At the outset, we note that divisions of property and awards of alimony, child support, and attorneys' fees in divorce actions are matters within the discretion of the trial court and that the exercise of that discretion will not be reversed on appeal except for palpable abuse. Smythe v. Smythe, Ala.Civ.App., 376 So.2d 1101 (1979); Goodman v. Goodman, Ala.Civ.App., 366 So.2d 281 (1979); 8 Ala. Digest, Divorce Keys 223, 235, and 296.
As indicated, the husband contends the trial court abused its discretion in each of the above listed matters. Specifically, the husband contends that the awards to the wife were excessive in light of his income.
First, with respect to the division of property and the award of alimony, we reiterate that there are no fixed standards for determining the amount of alimony or for dividing the parties' property. Each case must be decided on the basis of its own facts and circumstances. In reaching its decision, the trial court may consider the future prospects of the parties, their ages, sex, health, station in life, the length of the marriage, and the fault of the parties in causing the divorce. Shirley v.Shirley, Ala.Civ.App., 350 So.2d 1041, writ quashed,350 So.2d 1045 (1977), appeal after remand, 361 So.2d 590 (1978); 8 Ala. Digest, Divorce Key 240 (2). Further, the division of property need not be equal and it is not error under appropriate circumstances to award virtually all of the parties' assets to one party. Weaver v. Weaver, Ala.Civ.App., 394 So.2d 378
(1980), writ denied, 394 So.2d 380 (1981). *Page 107 
In the instant case, the husband is a soldier in the Army. His net income is $1,032.24 per month. There is evidence that the husband is guilty of adultery and that his misconduct caused the divorce. The wife, on the other hand, is unemployed, has little work experience, and has custody of the parties' three minor children. In light of the evidence set forth above, particularly that concerning the husband's misconduct and the wife's financial situation, we cannot say that the trial court abused its discretion in the division of property or that the award of $100 per month as alimony was excessive.
With respect to the issue of child support, the amount to be granted depends upon the needs of the children and the ability of the parent to pay. Spears v. Spears, Ala.Civ.App.,382 So.2d 572 (1980).
As indicated, the husband's income is $1,032.24 per month. He is in the Army. There is evidence that the wife cannot provide for the children without financial assistance. In light of these facts, we cannot say that the trial court abused its discretion in requiring the husband to pay $450 per month for the support of the parties' children. To do so would be to substitute our own judgment for that of the trial court. This the law will not allow. Sutton v. Sutton, 55 Ala. App. 254,314 So.2d 707 (1975).
Finally, as stated above, the allowance of attorney's fees in divorce matters is within the sound discretion of the trial court and the exercise of that discretion will not be reversed on appeal in the absence of abuse. Parker v. Parker, Ala.Civ.App., 392 So.2d 229 (1980); 8 Ala. Digest, Divorce Key 223.
After considering the wife's financial circumstances and the relative earning capacities of the parties, we find that the trial court did not abuse its discretion in awarding the wife an attorney's fee of $1,000. See, Barber v. Barber, Ala.Civ.App., 346 So.2d 970 (1977).
For the reasons stated above, the case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.