BRADLEY, Judge.
This is a divorce case.
The parties in the present case were married in October 1981. The husband was in his late forties and had been married twice before, while the wife was in her late twenties and this was the first time she had been married. Although no children were born during the marriage, the husband did adopt the wife’s illegitimate teenaged daughter.
The record indicates the marriage was relatively stable until 1985. At that time the parties began experiencing marital difficulties. The evidence tends to indicate that the husband revived a relationship with his second wife and that the wife spent too much money and frequently used certain prescription drugs. Although the record is replete with numerous accusations of marital misconduct by both parties, it is apparent that both parties contributed to the breakup of the marriage.
On July 16, 1985 the parties separated and the husband subsequently filed for divorce. The wife filed an answer wherein she counterclaimed for divorce and sought at least one-half of all of the husband’s real estate, personal property, and all other assets.
The ease was tried on January 30, 1986. After trying the case without a jury, the trial court held the marriage was irretrievably broken and then ordered it dissolved. The trial court also entered an order requiring the husband to pay the wife $275.00 per month in child support, and making the husband responsible for the minor child’s medical and dental treatment. In its property disposition, the trial court awarded the wife a 1984 automobile, as well as the jewelry, clothing, and personal effects acquired during the marriage. The trial court also awarded the wife alimony in gross in the amount of $6,500, and ordered an equitable division of all furniture and appliances. All other marital assets were awarded to the husband.
The wife appeals the trial court’s order and says the trial court committed reversible error by divesting her of her interest in certain jointly owned realty and by denying her request for periodic alimony.
As to the wife’s contention that the trial court erred in refusing to award her an interest in jointly held property, the evidence indicates that soon after the parties were married the husband had certain real property he owned prior to the marriage conveyed to him and his wife as joint tenants without right of survivorship.
The wife claims that she is entitled to a one-half interest in the realty. This court, however, has held that the division of property in a divorce case is a matter within the sound discretion of the trial court, and that the trial court’s decision will not be reversed absent an obvious abuse of discretion. Kirk v. Kirk, 371 So.2d 54 (Ala.Civ.App.1979).
A property division must depend on the facts presented in each case. Goodman v. Goodman, 366 So.2d 281 (Ala.Civ.App.1979). In making its decision to divide the parties’ property, the trial court should *505 consider such factors as: the length of the marriage, the source of the common property, the parties’ ages and health, the parties’ future prospects, the parties’ standard of living during their marriage, and the conduct of the parties leading to the divorce. Makar v. Makar, 398 So.2d 717 (Ala.Civ.App.1981).
At the time of the divorce the evidence shows that the parties had been married about four years; the husband was in his early fifties and the wife was in her early thirties. The wife had worked prior to the marriage but she did not work during the marriage. The wife is presently employed.
AH of the property in contention was acquired by the husband prior to the marriage, although he did make the wife a joint owner of some of his" property.
The parties lived well during the marriage, and the wife was given control over the marital finances. One of the husband’s contentions was that the wife had recklessly spent the parties’ money.
Based on this evidence and the other evidence in the record, we cannot say that the trial court abused its discretion in the division of the parties’ property.
The wife’s next contention is that the trial court’s award of $6,500 as alimony in gross, and its refusal to award periodic alimony both constituted an abuse of discretion. Again, such a decision regarding an award of alimony is a matter which will not be overturned absent abuse of discretion. Dowdy v. Dowdy, 473 So.2d 1091 (Ala.Civ.App.1985). Having carefully reviewed the record, we cannot say the trial court’s decision is so unsupported by the evidence as to constitute an abuse of discretion. Therefore, the trial court’s decision with respect to alimony is not infected with reversible error.
Finally, the wife has requested the award of a reasonable attorney’s fee for the services of her attorney in prosecuting this appeal. The wife’s request is denied. The judgment of the trial court is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.