After an ore tenus proceeding, the trial court divorced the parties and, in part, made the following awards: The marital home is to be sold, with the net proceeds of the sale to be divided equally between the parties. The wife is awarded custody of the minor child, with visitation rights to the husband. The husband shall maintain at his expense hospital, medical, and major medical insurance coverage for the use and benefit of the minor child. The husband is to provide life insurance on himself, with the minor child as beneficiary. The husband is also required to pay to the wife the sum of $200.00 per month for the support and maintenance of the minor child. The wife appeals.
On appeal, the wife contends that the trial court abused its discretion by not awarding the marital home to her. She also contends that the trial court abused its discretion in its award of child support.
At the outset, we note that the division of property and the award of child support are areas well within the sound discretion of the trial court. Phillips v. Phillips,489 So.2d 592 (Ala.Civ.App. 1986). Its judgment regarding these matters will not be reversed absent a showing that it has abused its discretion. Lucero v. Lucero, 485 So.2d 347
(Ala.Civ.App. 1986). Furthermore, where, as here, the evidence was presented ore tenus, the judgment of the trial court is presumed correct, and this court will not reverse unless it is plainly or palpably wrong or unjust. Lucero, supra.
This court pretermits a summary of the evidence. Reciting facts would add little or nothing to the law represented by the vast number of cases on the same legal subjects. Suffice it to say that we have reviewed the record, and we find no plain and palpable abuse of discretion by the trial court. In fact, we find the division of the marital property, i.e., the home, to be quite equitable. The home is to be sold, all mortgage indebtedness paid off, and the net proceeds divided equally between the parties. As concerns the child support award, we likewise find no abuse of discretion. Both parties are employed, and, as noted above, in addition to the $200 per month, the husband is to maintain insurance on the minor child. We do point out that the award of child support is not res judicata and may be modified in the future due to changed circumstances. Miller v. Miller, 437 So.2d 574
(Ala.Civ.App. 1993).
The wife's request for an attorney's fee for representation on appeal is denied.
This case is due to be affirmed.
AFFIRMED.
ROBERTSON and RUSSELL, JJ., concur. *Page 366