Lafaye Kiely (petitioner) filed this petition for a writ of mandamus, seeking an order directing the trial court to reset a modification case for trial and to render a decision in accordance with the Child Support Guidelines, Rule 32, Alabama Rules of Judicial Administration.
The petitioner and Robert Kiely (respondent) were divorced on March 7, 1978, in Florida. The petitioner moved to Houston County, Alabama, in July 1986, and on February 9, 1990, filed a petition for modification in the trial court. The matter was set for hearing on June 13, 1990. However, on that date the lawyers for the parties entered into settlement negotiations, apparently agreeing on child support in the amount of $1,369 a month, based on the respondent's income being $11,000 a month. The trial court continued the case for seven days for settlement.
According to the petitioner's brief, the petitioner made several inquiries to her attorney about the settlement and on July 5, 1990, approximately three weeks after the apparent agreement, demanded copies of all material including the respondent's financial information. Based on that information, the petitioner felt that the $11,000 income figure was inaccurate and retained another lawyer to have the case reinstated.
The petitioner's attorney states the following: attorneys for both parties appeared for a hearing on the motion to reinstate; the trial court stated that the motion was to be denied, and the trial court denied the petitioner's request to place the reasons for reinstatement on the record, but allowed three days to file a brief. On August *Page 1367 
15, 1990, the trial court denied the motion to reinstate and ordered that the petitioner execute a written agreement within fourteen days in accordance with the previous verbal agreement, and if she failed in this, the respondent was to file a proposed order in compliance with the previous agreement.
The petitioner then filed this petition for writ of mandamus. We grant the writ conditionally.
Initially, we note that mandamus is a drastic and extraordinary writ which shall issue only when there are credible allegations, ironclad in nature, showing that the trial court is bound by law to do that which is requested. Ex parte Evans, 545 So.2d 81 (Ala.Civ.App. 1989).
Therefore, we must determine whether the trial court erred as a matter of law in denying the motion to reinstate.
"An attorney has authority to bind his client, in any action or proceeding, by any agreement in relation to such case, made in writing, or by an entry to be made on the minutes of the court." Section 34-3-21, Ala. Code 1975. In the present case, it appears from the record that the trial court continued the case for seven days for settlement. However, there is no indication of a written agreement between the parties or of any entry of an agreement on the "minutes of the court"; therefore, there is no evidence of an agreement that would bind the petitioner.
In addition, this action was filed on February 9, 1990, after the date that the Child Support Guidelines, Rule 32, Alabama Rules of Judicial Administration, were amended and became mandatory. Rule 32(A) provides, in pertinent part, as follows:
 "Guidelines for child support are hereby established for use in any action to establish or modify child support, whether temporary or permanent. There shall be a rebuttable presumption, in any judicial or administrative proceeding for the establishment or modification of child support, that the amount of the award which would result from the application of these guidelines is the correct amount of child support to be awarded. A written finding on the record that the application of the guidelines under the following criteria would be unjust or inappropriate shall be sufficient to rebut the presumption:
 "(i) Upon a fair, written agreement by the parties establishing a different amount and stating the reasons therefor, or
 "(ii) Upon a finding of fact, based upon evidence presented to the court, the court determines the application of the guidelines would be manifestly unjust or inequitable."
Rule 32(E) additionally requires the filing of a standardized child support guidelines form and child support obligation income statement/affidavit form in all actions to establish or modify child support obligations. Instead, the court may accept a child support guideline notice of compliance form in stipulated cases. These forms are to be prescribed by the administrative director of courts. Rule 32(F) requires verification of the income statements with documentation of current and past earnings, using pay stubs, employer statements, or, if self-employed, receipts and expenses. The most recent income tax returns shall be provided to verify earnings over a longer period.
The application of the guidelines under Rule 32 is no longer discretionary with the trial court, and it does not appear that the requirements of Rule 32 were followed by the trial court. This is not within its discretion. Therefore, this case is due to be reinstated for a hearing, and the trial court is to ensure that the guidelines are properly applied.
In view of the above, the writ is to be granted unless the trial court, within ten days from the rendition of this decision, withdraws its prior order and enters an order reinstating the action.
WRIT GRANTED CONDITIONALLY.
ROBERTSON, P.J., and THIGPEN, J., concur. *Page 1368