This is a divorce case.
After an ore tenus proceeding, Patricia Mangina (wife) and Phillip Mangina (husband) were divorced in the Circuit Court of Jefferson County on August 22, 1990. The wife was awarded custody of the parties' minor child, and the husband was ordered to pay $385 per month child support. The wife was awarded all of the marital real property, including the parties' jointly owned home, and most of the other marital assets. On September 18, 1990 the husband filed a motion to amend in which he challenged the property division and the amount of child support ordered. The trial court denied this motion on November 28, 1990. The husband appeals the award of property and child support to the wife.
In divorce cases the division of marital property and the award of child support are issues well within the sound discretion of the trial court. Conradi v. Conradi,567 So.2d 364 (Ala.Civ.App. 1990). Where the evidence regarding these matters was presented ore tenus, the trial court's judgment is presumed correct and will not be reversed unless it is plainly and palpably wrong or unjust. Alexander v. Alexander,567 So.2d 353 (Ala.Civ.App. 1990).
The husband first argues that the trial court abused its discretion by awarding the wife substantially all of the marital estate. The record shows that at the time of the divorce the marital estate included real property, investments, and other assets totaling over $1.1 million. Substantially all of this estate was acquired by gift or inheritance to the wife from her father. From these assets the trial court awarded the husband several automobiles and his hunting equipment. The husband, a veterinarian, also retained his medical equipment. The husband was ordered to pay some $23,000 in debts that he had incurred at various banks. The trial court then awarded all of the remaining marital assets to the wife, including full ownership of the clinic where the husband practices. The wife's portion of the property division totalled over $1 million, while the husband received less than 3 percent of the parties' estate.
The husband contends that such a disproportionate division is plainly unjust. To bolster his argument, the husband cites § 30-2-51, Code 1975. Section 30-2-51 provides that the property of one spouse acquired through inheritance or gift is deemed to be that spouse's separate property, but may be considered in a property division if it has been used for the common benefit of the parties during their marriage. However, this statute does not require the trial court to award each party an equal portion of commonly used assets. A property division in a divorce case need not be equal, but must be graduated according to the particular circumstances of the case. Johnson v. Johnson, 497 So.2d 503 (Ala.Civ.App. 1986). It is not error under *Page 1385 
appropriate circumstances to award virtually all of the marital assets to one party. Hansen v. Hansen, 401 So.2d 105
(Ala.Civ.App. 1981).
The record clearly shows that many of the gifts and bequests from the wife's father have been used for the common benefit of the parties. In fact, the wife's parents largely supported the parties throughout their twenty-seven year marriage. The parties met while still in college, and the wife's father paid all of their expenses while the husband attended veterinary school. The record shows that the parties lived with, and were completely supported by, the wife's parents for several years after the husband became a practicing veterinarian. The wife's father bought the lot where the parties built their marital residence. The husband practiced medicine in a rent-free clinic that the father-in-law built for him. The husband eventually began using his salary to pay the expense of the house mortgage, insurance, utilities, and taxes. Virtually all other expenses incurred during the marriage were paid by the wife's parents. The husband testified at trial that he never sought to repay his wife's parents for their support of his family and never offered to pay rent for his office space.
The husband correctly points out that the station in life he enjoyed throughout his marriage is a factor that may be considered in the awarding of marital assets. Weatherly v.Weatherly, 469 So.2d 653 (Ala.Civ.App. 1985). However, the fault of the parties is also a factor which may be considered, even when the divorce was not granted on the basis of fault.Nickerson v. Nickerson, 467 So.2d 260 (Ala.Civ.App. 1985).
The record clearly shows that the largesse of the wife's parents provided the husband with a higher station in life than he could have afforded from his own earnings. The record does not show that the husband pursued his veterinary practice with particular vigor during the years of his marriage; indeed, the record does not indicate that he ever averaged more than $25,000 a year in net income.
The record reveals that a substantial portion of the property inherited by the wife has been invested for the benefit of the parties' children and is properly excludable from the property division. The remaining inheritance includes a number of rental properties and other real estate. These investments require attentive management and considerable maintenance, which the wife must oversee. There is no evidence that the husband has ever assisted his wife with these responsibilities, nor is there any evidence that he has helped cultivate the other assets received from the wife's father. Rather, the record and the husband's own testimony suggest that the husband merely accepted the resources given to him and used them to finance his own pursuits.
The husband testified at trial that he engaged in at least three extramarital affairs during the marriage. The husband testified that his adultery with various paramours began while the wife was pregnant with their second child and continued until the divorce. There is also evidence that the husband was a frequent gambler during the marriage. In contrast, the uncontroverted evidence shows that the wife was never unfaithful to the husband; rather, she constantly sparked the continuance of her marriage. The evidence also indicates that the wife has been a good mother to the parties' three children.
The ages of the parties and future prospects are other factors which may be considered in determining a property division. Whitehead v. Whitehead, 494 So.2d 456 (Ala.Civ.App. 1986). The husband contends that he is unable to practice veterinary medicine because his wife was awarded full ownership of the animal clinic built by her father. However, there is no evidence that the wife has refused to allow the husband to continue practicing in his present location, and the husband has retained possession of all his veterinary equipment and medicines. The husband testified that this clinic is located in a section of the city that is deteriorating, thus causing his practice to dwindle. The husband testified that he has contemplated practicing in a better area, and there is no *Page 1386 
evidence to show that such a move would be infeasible. The husband is forty-five years old and is in excellent health. He has over twenty years' experience in a profession that is considered lucrative. In short, we do not find that the husband's future prospects have been irrevocably dimmed by the trial court's judgment.
We recognize that the property division in this case might appear disproportionate. However, after closely reviewing the evidence, we do not find that the division is inequitable.Hansen. The husband prospered for twenty-seven years on a fortune he did not create or nurture, and did so while furthering an adulterous lifestyle. The husband was hardly left destitute by the property division; indeed, he was awarded property of considerable value. The only debts he was ordered to pay were those which he incurred for himself. The husband is a relatively young and experienced veterinarian with the opportunity to make a very profitable living in his own profession. In light of all these facts, along with the presumption of correctness afforded to the trial court, we do not find that the property division amounts to a palpable abuse of discretion. Accordingly, the trial court's judgment on this issue is affirmed.
The husband next argues that the trial court erred by ordering him to pay child support without applying the child support guidelines set out in Rule 32 of the Rules of Judicial Administration.
The child support guidelines are mandatory in all relevant actions instituted on or after October 9, 1989. Rule 32, A.R.J.A.; see also Ex Parte Kiely, 579 So.2d 1366
(Ala.Civ.App. 1991). In such actions, the trial court may deviate from the guidelines only where there is a fair, written agreement between the parties setting the amount of child support to be paid or where the trial court specifically determines that the application of the guidelines would be manifestly unjust or inequitable. Rule 21, A.R.J.A.
Here, the record shows that the trial court did not apply the guidelines in determining the monthly support due from the husband. These guidelines are mandatory in the instant case because it was filed on April 18, 1990. The record contains no evidence of a written agreement between the parties concerning child support, and the trial court has made no finding of fact to show that applying the guidelines would produce an inequitable result. Accordingly, we reverse and remand this aspect of the trial court's judgment to allow the trial court to recalculate the husband's support obligation using the child support guidelines.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH DIRECTIONS.
All the Judges concur.