This divorce case involves parties married to each other for a period of over 38 years.
The husband filed for divorce, alleging incompatibility. The wife answered and counterclaimed, alleging, inter alia, incompatibility, physical abuse, and habitual addiction to alcohol during the marriage. There were no minor children involved.
Following ore tenus proceedings, the trial court granted a divorce and awarded the wife substantially all of the marital assets, which included the marital residence. In addition to receiving two pieces of antique furniture, the husband received one unimproved lot and a monetary settlement of $1,000. Also, the husband was divested of any interest in the wife's retirement, pension, and/or profit-sharing plan obtained through her employment. The wife was ordered to assume any outstanding bank debts owed in her name, including real estate mortgages.
After hearing the husband's motion for a new trial, the trial court amended its final order to award the husband an undivided one-half interest in the marital residence and surrounding acreage subject to the parties' youngest son's interest in a parcel of land on which that son lives. The use of the marital property was awarded to the wife for her lifetime, subject to certain conditions.
From this amended order, the husband appeals, alleging that the trial court abused its discretion by awarding the wife exclusive possession of the majority of the marital estate. We affirm.
In divorce cases, the division of marital property is an issue well within the sound discretion of the trial court.Conradi v. Conradi, 567 So.2d 364 (Ala.Civ.App. 1990). The judgment of the trial court in a divorce case presented ore tenus is presumed to be correct until it is shown to be plainly and palpably wrong or unjust. Ex parteJackson, 567 So.2d 867 (Ala. 1990). Furthermore, in an ore tenus proceeding, the trial court is the sole judge of the facts and the credibility of the witnesses, and as such, it should accept only the testimony it considers worthy of belief.Brown v. Brown, 586 So.2d 919 (Ala.Civ.App. 1991). "In determining the weight to be accorded to the testimony of any witness, the trial court may consider the demeanor of the *Page 443 
witness and the witness's apparent candor or evasiveness."Brown, 586 So.2d 919, 921.
The husband contends that to award the wife exclusive possession of the majority of the marital property, both real and personal, is an inequitable division so as to create in the minds of this court an abuse of judicial discretion on the part of the trial court. We note, however, that the law does not require the trial court to award each party an equal portion of commonly-used assets. Ala. Code 1975, § 30-2-51; Manginav. Mangina, 585 So.2d 1383 (Ala.Civ.App. 1991). The property division in a divorce case need not be equal, but must be graduated according to the particular circumstances of the case. Mangina, supra. In addition, "the fault of the parties is also a factor which may be considered, even when the divorce was not granted on the basis of fault."Mangina, 585 So.2d 1383, 1385.
In this case, the trial court specifically found the husband to be at fault in being habitually addicted to alcohol. The record clearly reflected a stormy marriage of over 38 years, occasioned by the husband's alcoholism and physical abuse of the wife. There was evidence from the adult children that the husband physically abused the wife and that he abused alcohol throughout most of the children's childhood. The record revealed that these abuses continued to the time of separation. Under intense cross-examination, the husband finally admitted to his abuse of alcohol and to having been treated numerous times for such abuse over the last several years. He continued to deny any physical abuse of the wife.
In spite of this, the wife worked approximately 34 years of the 38-year marriage, while the husband only worked periodically, and presented little evidence of his financial contribution to the marital res. According to the testimony of the wife and children, the wife was the major financial contributor to the family. The record revealed, in fact, that a substantial portion of the property acquired by the parties was due to the frugality and sound economics practiced by the wife in the management of her earnings and whatever sums were contributed by the husband. There was no evidence that the husband even assisted his wife with any of these responsibilities. Rather, the record and the husband's own testimony suggested that the husband merely turned over all business dealings to the wife, and he merely accepted the resources given to him to finance his own pursuits.
Following the testimony presented during trial, the trial court entered an order which awarded the husband very little; however, after hearing arguments concerning the husband's motion for new trial, the trial court amended its order and awarded the husband an undivided one-half interest in the marital residence and surrounding acreage, subject to the conditions stated earlier.
In applying the applicable legal principles to the record evidence, we cannot say that the trial court abused its discretion in its division of the parties' marital property. Having found no reversible error, this case is due to be, and it is hereby, affirmed.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur.