THOMPSON, Presiding Judge.
 

 In October 2006, Suzanne Glaze Willis (“the mother”) filed a complaint seeking a
 
 *348
 
 divorce from Brandyn Lee Willis (“the father”). In her complaint, the mother sought, among other things, an award of custody of the parties’ two minor children, an award of child support, and an equitable division of the marital property. The father answered and counterclaimed, seeking an award of custody of the children.
 

 On November 7, 2006, the mother, who apparently had custody of the children, filed a motion requesting that the trial court order the father to pay pendente lite child support.
 
 [1]
 
 In December 2006 and again in February 2007, the mother moved to have the father held in contempt for an alleged failure to support the children and in connection with the father’s disposal of certain marital property. In March 2007, the State of Alabama (“the State”) moved to intervene in the action for the purposes of seeking, on behalf of the mother, child support for the parties’ children; the trial court granted the State’s motion to intervene.
 

 After attempts at mediation failed, the trial court set the matter for a final hearing on May 6, 2008. Almost a year later, on April 8, 2009, the trial court entered a judgment divorcing the parties.
 
 [2]
 
 The mother filed a postjudgment motion, and the trial court denied that motion.
 
 [3]
 
 The mother timely appealed.
 
 [4]
 

 The trial court’s April 8, 2009, judgment states that it incorporated “a partial agreement” of the parties. The “partial agreement” reached by the parties is not set forth in the record on appeal, and neither party has made any representation identifying the issues upon which the parties had reached an agreement. The trial court did not receive any evidence as to any of the issues that might have still been in dispute at the scheduled final hearing. However, the trial court proceeded to enter a judgment disposing of all the pending issues between the parties.
 

 The mother’s challenge to that portion of the April 8, 2009, judgment purporting to incorporate the parties’ partial agreement has merit. The record contains no written documentation of the parties’ partial settlement agreement, and an oral settlement agreement is valid and enforceable
 
 “only
 
 if it is made in open court or during a pretrial conference.”
 
 Contractor Success Group, Inc. v. Service Thrust Org., Inc.,
 
 681 So.2d 212, 215 (Ala.Civ.App.1996). This court has explained:
 

 “All settlement agreements entered into by attorneys and occurring at the trial-court level are governed by § 34-3-21, Ala.Code 1975.
 
 Ex parte Sims,
 
 627 So.2d 380, 382 (Ala.1993). To be effective under § 34-3-21, an agreement must be made in writing or entered in the minutes of the court.
 
 Holmes v. Sanders,
 
 729 So.2d 314, 316 (Ala.1999); and
 
 Ex parte Kiely,
 
 579 So.2d 1366, 1367 (Ala.Civ.App.1991).”
 

 Proffitt v. Cochran,
 
 742 So.2d 188, 189 (Ala.Civ.App.1999).
 

 The father asserts in his brief on appeal that the parties “appeared with counsel and announced to the court that a partial settlement had been reached.” However, the record contains no written documentation of that partial settlement agreement, and there is no indication that a hearing was actually conducted. Thus, in this case,
 
 *349
 
 “[i]t is clear ... that the oral agreement at issue here was
 
 not
 
 made in open court or during a pretrial conference and was not entered into the minutes in open court.”
 
 Contractor Success Group, Inc. v. Service Thrust Org., Inc.,
 
 681 So.2d at 215. Thus, this court is unable to hold that the trial court’s judgment purporting to incorporate a partial agreement of the parties is valid and binding. The judgment is due to be reversed because it does not properly document and incorporate the agreement of the parties.
 

 Further, the April 8, 2009, divorce judgment cannot stand for another reason. The majority of the mother’s arguments are based on her assertion that the trial court erred in failing to receive evidence on a number of issues upon which the parties apparently failed to reach an agreement. In her postjudgment motion, the mother indicated that the parties had reached no agreement with regard to a number of issues resolved in the April 8, 2009, divorce judgment, including issues of child support, child-support arrearages, and property division. The mother contends that the record contains no evidence supporting the trial court’s resolution of those issues in its April 8, 2009, judgment.
 

 In response, the father concedes that the trial court “did not base the entire final [judgment] on the partial agreement of the parties,” but he contends that the determination of the remaining issues was within the trial court’s discretion. The determination of the issues in dispute between the parties would have been within the trial court’s discretion
 
 if
 
 it had received any evidence on those issues.
 
 See Nelson v. Landis,
 
 709 So.2d 1299, 1300 (Ala.Civ.App.1998) (The issue of child support is within the trial court’s discretion when the court bases its judgment on ore tenus evidence.);
 
 Brown v. Brown,
 
 719 So.2d 228, 231-32 (Ala.Civ.App.1998) (An award of retroactive child support is within the trial court’s discretion.);
 
 Parrish v. Parrish,
 
 617 So.2d 1036, 1038 (Ala.Civ.App.1993) (The issues of alimony and property division are within the trial court’s discretion when the court receives ore tenus evidence.);
 
 Kovakas v. Kovakas,
 
 12 So.3d 693, 700 (Ala.Civ.App.2008) (A property division and alimony award must be equitable under the particular facts of the case.); and
 
 Mann v. Mann,
 
 725 So.2d 989, 992 (Ala.Civ.App.1998) (An award of visitation is within the discretion of the trial court and must be decided on the specific facts of each case.). In this case, however, the trial court received no evidence on the issues in dispute.
 

 The mother has challenged portions of the April 8, 2009, judgment pertaining to child support, property division, and alimony. With regard to child support, the record contains a letter setting forth the father’s semi-monthly income; the certification of the record on appeal indicates that that letter was not submitted into evidence. The record also contains a child-support calculation apparently performed by a mediator recommending a child-support award; that recommendation was not adopted by the trial court in reaching its child-support award. The record contains none of the child-support forms required by Rule 32(E), Ala. R. Jud. Admin., and the trial court’s judgment does not incorporate a child-support form setting forth the manner in which the trial court reached its child-support determination. “[T]his court cannot affirm a child-support order if it has to guess at what facts the trial court found in order to enter the support order it entered.... ”
 
 Mosley v. Mosley,
 
 747 So.2d 894, 898 (Ala.Civ.App.1999).
 

 The determination whether an award of retroactive child support is appropriate is dependent on the specific facts of the case.
 
 Brown v. Brown,
 
 719 So.2d at
 
 *350
 
 281-32. Similarly, the unique facts and circumstances of each action determine issues of property division, alimony, and visitation.
 
 Murphy v. Murphy,
 
 624 So.2d 620, 623 (Ala.Civ.App.1993). In this case, however, no evidence regarding the facts and circumstances of this action were presented to or considered by the trial court. Thus, the trial court had no evidence upon which to exercise its discretion in reaching a judgment.
 

 The trial court erred in failing to conduct an ore tenus hearing. We reverse the judgment and remand the case for the trial court to conduct an evidentiary hearing on any issues upon which the parties have failed to reach a settlement agreement and to properly incorporate any settlement into its judgment.
 
 See Contractor Success Group, Inc. v. Service Thrust Org., Inc.,
 
 supra; and
 
 Proffitt v. Cochran,
 
 supra.
 

 REVERSED AND REMANDED.
 

 PITTMAN, BRYAN, THOMAS, and MOORE, JJ., concur.
 

 [1]
 

 . The record on appeal contains no order pertaining to pendente lite custody of the children.
 

 [2]
 

 . The record contains no explanation for the delay in entering the divorce judgment.
 

 [3]
 

 . In its postjudgment order, the trial court also denied the mother's request for an award of an arrearage of pendente lite child support.
 

 [4]
 

 . The State is not a party on appeal.