REPUBLIC STEEL CORP., APPELLANT, *v.* PORTERFIELD,
TAX COMMR., APPELLEE.

102

(No. 41069—Decided April 24, 1968.)

*Messrs. Bricker, Evatt, Barton & Eckler, Mr. William S. Evatt, Mr. William R. Chadeayne* and *Mr. Elbert J. Kram,* for appellant.

*Mr. William B. Saxbe,* attorney general, and *Mr. Edgar L. Lindley,* for appellee.

HERBERT, J.  The question before the court is whether a tax assessment by the state of Ohio upon an import—manganese ores—while in storage in a United States Customs bonded warehouse, in its original form as imported and before being used by the importer for the purposes for which it was imported, is an invasion of the prohibition against state taxation under the provisions of Clause 2, Section 10, of Article I of the federal Constitution?  This clause reads:

"No state shall, without the consent of the Congress, lay any imposts or duties on imports or exports, except what may be absolutely necessary for executing its inspection laws; * * *."

Republic Steel is a manufacturer of steel products. Ferromanganese alloy is an essential ingredient in Republic's manufacturing process. It is obtained by smelting manganese ores. The bonded warehouse, where Republic stored its manganese ore, is on the property of Union Carbide plants at Ashtabula and Marietta, Ohio. After the ore has met the requirements of the United States Customs Service, it is left in storage in the bonded warehouses until needed. Pursuant to the requirements of Republic's current operational needs for ferromanganese, Union Carbide withdrew manganese ore from the bonded warehouses, smelted it and delivered the alloy to Republic.

The manganese ore, which the Tax Commissioner contends was subject to Ohio's personal property tax, and upon which the questioned assessment was made, was at all times before being put to any use by Republic in the bonded warehouses on the premises of Union Carbide.

Upon the facts of record it appears that the cases of *Orr Felt & Blanket Co.* v. *Schneider,* 3 Ohio St. St. 2d 14, and *Wheeling Steel Corp.* v. *Porterfield,* 14 Ohio St. 2d 85, are dispositive of the issues presented in the case at bar.

The first paragraph of the syllabus in *Orr Felt* reads:

"When grease wool, imported for use in manufacturing upon which no duty has been paid, is stored in its original packages by a manufacturer-importer in a bonded warehouse, which warehouse is under the exclusive control of the United States Customs officer, such wool has not definitely ended its importation journey and has not been irrevocably committed to supply the manufacturer-importer's 'current operational needs,' and, therefore, such wool retains its constitutional immunity as an import and is not taxable under the Ohio personal property tax laws."

In *Orr Felt,* the grease wool was removed by the importer from the bonded warehouse after payment of duty and stored in its private warehouse where it remained until

used. Yet, in the private warehouse of the importer the constitutional immunity still protected the import from state taxation. In the case at bar, the tax was assessed while the import was still in the storage yards of the bonded warehouse, before it completed its importation journey, or had been put to any use for which it had been imported.

The ore remained an import immune to state taxation while stored, and until removed from the warehouses for smelting. A tax on such ore stored in its original form as imported by the importer is "too plainly a duty on imports to escape the prohibition of the Constitution." *Brown* v. *Maryland*, 25 U. S. (12 Wheat.) 419, 439, 441 and 442. See, also, *Wheeling Steel Corp.* v. *Porterfield*, 14 Ohio St. 2d 85, and *Hooven & Allison Co.* v. *Evatt*, 324 U. S. 652.

It follows, therefore, that the imposition of the Ohio personal property tax upon the manganese ore in question, while in storage in a United States Customs Service bonded warehouse, before being put to any use by the importer, is unreasonable and contrary to law.

The decision of the Board of Tax Appeals is reversed.

*Decision reversed.*

MATTHIAS, O'NEILL and BROWN, JJ., concur.
ZIMMERMAN and SCHNEIDER, JJ., dissent.

TAFT, C. J., concurring in part. The warehouse involved in the instant case was clearly not, to use the words of paragraph one of the syllabus in *Orr Felt & Blanket Co.* v. *Schneider*, 3 Ohio St. 2d 14, "under the exclusive control of the United States Customs Officer."

Thus, Republic's "statement of facts" reads in part:

"Upon receiving appellant's order for a particular grade of alloy, Union Carbide's furnace department schedules the ores needed * * *. A traffic crew of Union Carbide scoops the specified ores from piles in the bonded storage yard and loads them into railroad cars for transportation to the mixing facility * * *.

"* * *

"* * * The bonded facilities consist of a smelting plant and large storage yard surrounded and set off by a fence.

The area enclosed is approximately one hundred fifty to two hundred acres * * *.

"The United States maintains control over the quantity and type of ores entering bond by having a federal customs agent present when shipments arrive at the warehouses. * * *

"By the terms of the bond Union Carbide is required to account to the collector of customs for the manganese content of the manganese alloys transported out of bond and to pay import duties at the time of removal. A customs agent is not present at the time of transportation from bond. Instead, Union Carbide files with the collector of customs a certificate of the tonnage of manganese ores shipped and the amount of the various grades of manganese ores contained in that alloy."

The Board of Tax Appeals stated:

" * * * the bond in question is in the nature of a surety bond to guarantee payment of custom duties and in no way limits or prohibits the use of the manganese ore by the appellant or by Union Carbide.

" * * * the ore * * * even if * * * considered as being physically located in a bonded warehouse, was never under the *exclusive* control of the United States Customs Officer. * * * Union Carbide, when it received an order from Republic * * * had free and unlimited access to, and could withdraw manganese ore from, any pile of ore belonging to appellant so as to use the same for processing and to fill the order."

However, I agree with the following statement in Republic's brief:

"Should this court determine [as I believe it should] that the first branch of the syllabus of *Orr Felt & Blanket Co.* v. *Schneider,* 3 Ohio St. 2d 14 * * * is not dispositive of the case at bar, and appellant's inventory of imported manganese ore is not immune from the Ohio personal property tax because it is held in bond, the case at bar should be remanded to the Board of Tax Appeals for a determination as to what portion of appellant's inventory is immune from the tax by virtue of being in excess of appellant's current operational needs."