VERPLATSE, APPELLEE, *v.*
VERPLATSE, APPELLANT.

(No. 5-82-41—Decided May 25, 1984.)

*Guernsey & Guernsey* and *J. D. Guernsey,* for appellee.

*Jeffrey I. Goldstein* and *Lorin J. Zaner,* for appellant.

MILLER, J. This is an appeal by defendant, Albert A. Verplatse, from a judgment of the Court of Common Pleas of Hancock County decreeing divorce, awarding custody and support and ordering a distribution of property on plaintiff's amended complaint.

The parties were married in 1962 and have three children.

At the time of their marriage defendant owned residence property for which he had paid $27,500 and had some $21,800 in a savings account while plaintiff, Dorothy M. Verplatse, had savings of approximately $3,000.

The business in which the parties became engaged after marriage was quite successful and there were very substantial assets of the parties at the time of the divorce action.

Although plaintiff alleged in her complaint that defendant was guilty of gross neglect of duty and extreme cruelty, the trial court found defendant only to be guilty of extreme cruelty, basing the divorce thereon.

Defendant sets forth five assignments of error in his appeal from the trial court's judgment.

"Assignment of Error No. I. The judgment of the court of common pleas granting appellee a divorce on the grounds of extreme cruelty is unsupported by the evidence and constituted an abuse of discretion."

Defendant's argument is first directed to the fact that plaintiff's amended complaint related back to the date of the original complaint and, thus, the trial court should not consider evidence of any acts occurring thereafter as corroborative of plaintiff's evidence.

This issue was not raised at the trial of the case nor in defendant's motion for new trial, but is first asserted in this appeal.

Paragraph one of the syllabus of *State* v. *Morris* (1975), 42 Ohio St. 2d 307 [71 O.O.2d 294], states that:

"An appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court. (Paragraph three of the syllabus in *State* v. *Childs* [1968], 14 Ohio St. 2d 56 [43 O.O.2d 168], approved and followed.)"

We conclude that appellant's argument as to this issue is not well-taken.

The term "extreme cruelty" as used in R.C. 3105.01 is not limited in scope to acts of physical violence or the reasonable apprehension thereof, but is sufficiently broad to encompass acts and conduct the effect of which is calculated to permanently destroy the peace of mind and happiness of one of the parties to the marriage and thereby render the marital relationship intolerable. *Buess* v. *Buess* (1950), 89 Ohio App. 37 [45 O.O. 331].

The determination of what facts constitute extreme cruelty in a given case must be left to the broad, but sound, discretion of the trial court and whether sufficient evidence has been presented to establish extreme cruelty will depend upon all the circumstances of the particular case. 48 Ohio Juris-

prudence 3d (1983) 272, Family Law, Section 1126.

There was evidence before the trial court which, if believed, would indicate that defendant had used abusive and degrading language to and about plaintiff, had urinated on her and otherwise acted so as to render the marital relationship intolerable.

We do not find that the trial court abused its discretion in finding defendant guilty of extreme cruelty.

The first assignment of error is not well-taken.

"Assignment of Error No. II. The lower court lacked jurisdiction to order appellant to pay for the college education of his minor children whether or not they are eighteen."

The judgment entry of the trial court provided in part that:

"It is further ORDERED, ADJUDGED and DECREED by the Court that the defendant, Albert A. Verplatse, shall pay the board, room and tuition of any of said children, regardless of whether or not the child has attained the age of eighteen (18) years, should such child continue his or her education in any kind of institution of higher learning beyond the twelfth (12th) grade of high school. However, the board, room and tuition so to be paid by the defendant shall not exceed the amount for those items customarily charged by Bowling Green State University at the time each such child is enrolled and attending such institution of higher learning."

The obligation of a father to support his minor children after his divorce is granted is an obligation cast upon him by law and not by the decree of divorce. 47 Ohio Jurisprudence 3d (1983) 82, Family Law, Section 619.

Paragraph two of the syllabus of *Miller* v. *Miller* (1951), 154 Ohio St. 530 [43 O.O. 496], states:

"In a divorce action, where a child of the parties attains his majority, authority of the court over such child comes to

an end, and the court is without power to provide for the support of or aid to such child or to continue a provision for his support. (*Thiessen* v. *Moore* [1922], 105 Ohio St., 401, approved and followed.)"

In *Sylvester* v. *Sylvester* (1969), 21 Ohio App. 2d 58 [50 O.O.2d 104], the court modified an order of the trial court that the father pay a weekly amount for support of his minor children until each child "is emancipated by age of twenty-one (21) or *until graduated from college, whichever occurs later,*" by striking therefrom the above-emphasized language.

R.C. 3109.01 establishes the age of majority as eighteen years of age.

R.C. 3103.03 provides as pertinent that:

"The husband must support himself, his wife, and his minor children out of his property or by his labor. If he is unable to do so, the wife must assist him so far as she is able.

"Notwithstanding section 3109.01 of the Revised Code, the parental duty of support to children shall continue so long as the child continuously attends on a full-time basis any recognized and accredited high school, even when such child has attained the age of majority. * * *"

Thus the only duty upon the father in a divorce action in the absence of an agreement on his part to continue support of his children is to support the children until eighteen years of age or so long as the child continuously attends on a full-time basis any recognized and accredited high school.

We find defendant's second assignment of error to be well-taken.

"Assignment of Error No. III. The property division set forth by the court requiring appellant to pay appellee $300,000.00 constituted an abuse of discretion and failed to follow the mandate of *Wolfe* v. *Wolfe, Cherry* v. *Cherry*

and Ohio Revised Code Section 3105.18."

R.C. 3105.18(A) provides that in a divorce action the court of common pleas may allow alimony as it deems reasonable to either party either in real or personal property or by decreeing a sum of money payable either in gross or by installments as the court deems equitable.

R.C. 3105.18(B) provides that in determining the nature and amount of alimony the court shall consider *all* relevant factors including eleven factors specifically set forth therein.

The syllabus of *Cherry* v. *Cherry* (1981), 66 Ohio St. 2d 348 [20 O.O.3d 318], states:

"1. There is no presumption, rebuttable or irrebuttable, that marital property be divided equally upon divorce; rather, a potentially equal division should be the starting point of the trial court's analysis before it considers the factors listed in R.C. 3105.18 and all other relevant factors. (*Wolfe* v. *Wolfe* [1976], 46 Ohio St. 2d 399 [75 O.O.2d 474], explained.)

"2. A Court of Common Pleas has broad discretion to determine what property division is equitable in a divorce proceeding. The mere fact that a property division is unequal, does not, standing alone, amount to an abuse of discretion."

In reviewing a judgment of the trial court awarding and distributing property in a divorce action, the reviewing court is limited to determining whether, considering the totality of the circumstances, the trial court abused its discretion. *Briganti* v. *Briganti* (1984), 9 Ohio St. 3d 220, 222.

An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *State* v. *Adams* (1980), 62 Ohio St. 2d 151, 157 [16 O.O.3d 169].

Here there was testimony that the residence property of the parties had a value of approximately $100,000, the business property a value of $200,000, the stock in defendant's business the approximate value of $500,000, defendant's investment portfolios of a value in excess of $400,000, that each party had tax-free bonds in an approximate face value of $90,000, as well the parties having substantial jewelry, other securities, etc.

Although defendant contends that he is involved as a creditor in a bankruptcy matter in which he may be ordered to pay over some $400,000, that contention is not completely substantiated by the record, is based on speculation and in any event, apparently was within the knowledge of the trial court at the time it rendered its judgment.

We conclude that the trial court did not abuse its discretion in awarding plaintiff $300,000 as asserted in this assignment of error.

The third assignment of error is overruled.

"Assignment of Error No. IV. Appellant was denied his constitutional right of due process to a fair hearing by the lower court enjoining him from entering the marital home to obtain his books and papers [thereby] preventing him from adequately preparing for trial."

At the conclusion of the trial, counsel for defendant stated:

"* * * The Court has before it, Your Honor, what I feel is the record in this case as far as the assets and liability [*sic*] of the parties. The Court has to apply the law and the statutes of the State of Ohio along with the case law to the facts of this particular case. * * *"

If any problem existed as to the acquisition of information by defendant we do not find where it was timely brought to the attention of the trial court that the issue might have been resolved at that time.

The fourth assignment of error is not well-taken.

"Assignment of Error No. V. The lower court abused its discretion by denying appellant's motion for new trial."

Defendant's motion for new trial sets forth four grounds for granting the same, all dealing with the fact that original trial counsel overlooked or failed to present evidence which would have established that plaintiff caused money to be transferred to corporate counsel, to the minor children of the parties or to plaintiff herself, or that counsel overlooked or failed to present evidence that plaintiff caused personal property to be removed or secreted away, without which evidence the trial court could not make a fair and just determination of the issues of custody, support and division of property.

The motion as filed was unsupported by affidavits or otherwise. Upon hearing on the motion defendant's counsel stated:

"* * * Your Honor, at this time I waive the presentation of evidence and the record is before the Court. The Court can determine whether or not the motion is well taken based on the record."

A motion for new trial, in and of itself, proves nothing. The moving party must support his motion by proof of the grounds set forth therein. 40 Ohio Jurisprudence 2d (1967) 1004, New Trial, Section 82.

Since defendant relied on the record for a determination of his motion and since the record would be void of any indication of the failure or oversight of counsel to present evidence, the motion was unsubstantiated.

A trial court may be overruled for failing to grant a new trial only if it abused its discretion. *Steiner* v. *Custer* (1940), 137 Ohio St. 448 [19 O.O. 148].

We find no abuse of discretion on the part of the trial court in overruling the motion for new trial.

The fifth assignment of error is overruled.

Finding error of the trial court in ordering defendant to provide support for the children after majority by paying college tuition, board and room, we must reverse and vacate that portion of the trial court's judgment. Finding no other error as assigned and argued, we affirm the judgment in all other respects.

*Judgment reversed in part and affirmed in part.*

COLE and WHITESIDE, JJ., concur.

WHITESIDE, J., of the Tenth Appellate District, sitting by assignment in the Third Appellate District.