**CARPENTER, Appellee,**

**v.**

**CARPENTER, Appellant.**

[Cite as *Carpenter v. Carpenter* (1988), 61 Ohio App.3d 584.]

Court of Appeals of Ohio,
Lorain County.

No. 4367.

Decided Dec. 7, 1988.

586

*John S. Haynes,* for appellee.

*Peter A. Murray,* for appellant.

MAHONEY, Judge.

Defendant-appellant, James Carpenter, appeals from the decision of the trial court asserting as error inequitable and unlawful division of the marital assets. We affirm the trial court.

### Facts

C. Diane and James L. Carpenter first met in 1974 and were married in 1980. A child, Carly, was born in 1982.

The Carpenters lived in a duplex which Mr. Carpenter bought prior to the marriage. Mrs. Carpenter testified that the duplex was bought as a surprise for her.

The mortgage payment for the duplex is $421 per month. One side is rented for $300 per month. Joint exhibits of the county auditor's records showed that the value of the duplex and adjacent lot was approximately $41,000.

Mr. Carpenter is employed at General Motors earning approximately $13.09 per hour to $14 per hour. Mrs. Carpenter is sporadically employed on an "as need" basis as a substitute secretary, cleaning woman and exhibitor displaying food in a grocery store.

Following a trial to the court, the trial judge found Mr. Carpenter guilty of gross neglect of duty and extreme cruelty, granted the divorce and divided the marital assets. He granted custody of Carly to Mrs. Carpenter and awarded her the marital home, household articles, $77 per week child support, $70 per week for no more than two years in support alimony, health benefits and

expenses for Carly, a 1977 car, and a portion of the pension funds. Mr. Carpenter was awarded visitation rights, those items of personal property which he had requested, any bank accounts or stocks in his name and a truck. He was ordered to provide child support, alimony, health insurance and medical expenses for Carly, the marital home, a car, and miscellaneous other items.

### Assignment of Error I

"The trial court erred to the prejudice of defendant in failing to make any findings as to the fair market value of the parties' personal and real property sufficient for a reviewing court to determine the fairness of the alimony and division of property awards."

In reviewing the trial court's determination of an equitable domestic relations award, we will not substitute our judgment for that of the trial court unless there is an abuse of discretion. *Martin v. Martin* (1985), 18 Ohio St.3d 292, 294–295, 18 OBR 342, 343–344, 480 N.E.2d 1112, 1114–1115. An abuse of discretion implies an unreasonable, arbitrary or unconscionable attitude on the part of the trial court. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482, 450 N.E.2d 1140, 1142. Unequal property division, in and of itself, does not establish an abuse of discretion. *Cherry v. Cherry* (1981), 66 Ohio St.2d 348, 20 O.O.3d 318, 421 N.E.2d 1293.

The trial court has wide latitude in determining a division of marital assets and liabilities and support and sustenance alimony. *Kaechele v. Kaechele* (1988), 35 Ohio St.3d 93, 95, 518 N.E.2d 1197, 1200. The limitation is that the trial court must consider, among other things, those factors set forth in R.C. 3105.18(B). Those factors are as follows:

" '(1) The relative earning abilities of the parties;

" '(2) The ages, and the physical and emotional conditions of the parties;

" '(3) The retirement benefits of the parties;

" '(4) The expectancies and inheritances of the parties;

" '(5) The duration of the marriage;

" '(6) The extent to which it would be inappropriate for a party, because he will be custodian of a minor child of the marriage, to seek employment outside the home;

" '(7) The standard of living of the parties established during the marriage;

" '(8) The relative extent of education of the parties;

" '(9) The relative assets and liabilities of the parties;

" '(10) The property brought to the marriage by either party;

" '(11) The contribution of a spouse as homemaker.' " *Kaechele v. Kaechele, supra,* at 95, 518 N.E.2d at 1200, fn. 1.

■ The reviewing court will presume that the trial court considered these factors and any other pertinent facts. A party seeking full review may request that the trial judge make findings of fact and conclusions of law. *Cherry v. Cherry, supra,* 66 Ohio St.2d at 356, 20 O.O.3d at 323, 421 N.E.2d at 1299.

In the case before us, appellant Jim Carpenter argues that there was insufficient information for the trial court to make a reasoned and informed valuation of the property. He argues first that the trial court not only failed to receive, but also failed to inquire, as to the present fair market value of the personal property. Second, he argues that there was no evidence of the fair market value of the real property at the time of trial and that any division without knowing this value is an abuse of the trial court's discretion. There was, however, no request for findings of fact or conclusions of law.

At trial, through counsel for both parties, the parties stipulated to the personal property which would go to Mr. Carpenter. The court granted Mrs. Carpenter the household goods and furniture not included in Mr. Carpenter's specified list. As a joint exhibit and at the request of Mr. Carpenter's counsel, the parties submitted an exhibit evidencing the value of the real property. It was the auditor's tax duplicate. The exchange with the trial judge was as follows:

"THE COURT: Read into the record what those are. If its a joint stipulation, at least put them in the record.

"MRS. LIST [Mrs. Carpenter's attorney]: Your Honor, the parties have agreed that the husband is to receive his grandmother's teak wood table and hutch; the photographs and personalty items belonging to him, the wood burner stove, which belongs to his father; the tools; motorcycle parts and all the other items in the garage that were brought into the marriage by him, and belong to him.

"Also, your Honor, plaintiff's attorney and I have agreed to submit the auditor's tax duplicates as evidence of the value of the real property, to the Court as a joint exhibit."

■ We find that the trial court received sufficient evidence from which it could determine the value of the real property and make an equitable distribution of that personal property which had not been stipulated to by the parties.

There has been no abuse of discretion. We overrule this assignment of error.

## Assignment of Error II

"The trial court erred to the detriment of defendant-appellant in determining that the Oak Street property was a marital asset thus being capable of division between the parties."

Essentially, Mr. Carpenter argues that the marital home is not a marital asset because he bought it before the parties were married.

R.C. 3105.18(B)(10) requires that the trial court consider the property brought to the marriage by either party. There is no mandate that this property be excluded from the division of marital assets upon divorce.

The trial judge has broad discretion in determining an equitable domestic relations award. *Cherry v. Cherry, supra.* Considering all relevant facts and the totality of the circumstances, the trial court did not abuse its discretion in awarding the marital home to Mrs. Carpenter where Mrs. Carpenter will continue to reside with the minor child of the marriage. These factors include, but are not limited to, Mrs. Carpenter's contribution as a homemaker and mother, the parties' relative earning capacities, Mrs. Carpenter's contribution to the marital home in terms of care and labor, and the relative assets and liabilities of the parties.

We overrule this assignment of error.

## Assignment of Error III

"The trial court erred in failing to grant defendant's motion for new trial."

Mr. Carpenter's motion for a new trial was denied by the trial court. On appeal, Mr. Carpenter alleges irregularity in proceedings, excessive damages awarded to Mrs. Carpenter under the influence of passion and prejudice, and a judgment against the weight of the evidence and contrary to law. A review of the record reveals no influence of passion or prejudice or irregularity. Absent evidence to the contrary, regularity will be presumed.

In determining the domestic relations award the trial judge heard evidence as to Mr. Carpenter's alcoholic problems, his frequent absences from the home, the needs of the young child, household management expenses, property value, income disparity between the parties, Mrs. Carpenter's efforts as a homemaker, the duration of the marriage, the parties' assets and liabilities, and other relevant matters. Such evidence was sufficient.

There is no requirement of equal division of property, or that each party must have equal standards of living following the divorce. *Kaechele v.*

**590**

*Kaechele, supra.* The trial court did not abuse its discretion in determining the property division or in denying Mr. Carpenter's motion for a new trial.

We overrule this assignment of error.

### Summary

Accordingly, we overrule each of Mr. Carpenter's assignments of error.

*Judgment affirmed.*

BAIRD, P.J., and QUILLIN, J., concur.