DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Howard White appeals from the judgment of the Summit County Court of Common Pleas, Domestic Relations Division, granting him a divorce from appellee Linda White. We affirm as modified.
The parties were married on August 30, 1960, in Summit County, Ohio. Three children were born of the marriage, but all were emancipated at the time of trial. Howard filed for divorce in the Summit County Court of Common Pleas, Domestic Relations Division, on March 29, 1994. Linda answered and counterclaimed on April 15, 1994.
A trial was scheduled to begin on June 19, 1995, but was continued due to illness of the judge. A three-day trial was held on December 18, 1995, March 29, 1996, and April 8, 1996. Both parties presented evidence.
The trial court issued its decree of divorce on November 27, 1996. The court found that the period "during the marriage" for purposes of valuating property began on the date of marriage and ended on December 18, 1995, the first day of trial. The court allocated the parties' property as separate or marital property and divided the marital property accordingly. Howard now appeals to this court.
Howard presents five assignments of error. We address each in turn.
 I. First Assignment of Error The Summit County Court of Common Pleas, Domestic RelationsDivision, erred in setting the first day of the taking ofevidence, December 18, 1995, as the valuation date of theparties' assets, when the court ruled, on the record, in thetrial, that it would be using June 19, 1995 as the valuationdate for the parties' assets.
Howard's first assignment of error asserts that the trial court used the incorrect date for valuating the parties' assets. We agree.
In a divorce, a trial court is to divide the parties' marital property equally, if possible. R.C. 3105.171(C)(1). "Marital property" is property acquired by the parties "during the marriage." See R.C. 3105.171(A)(3). "During the marriage" is defined as either "the period of time from the date of the marriage through the date of the final hearing," R.C.3105.171(A)(2)(a), or some other dates that the trial court considers equitable, R.C. 3105.171(A)(2)(b). The trial court is to specify the dates used to determine the period "during the marriage." R.C. 3105.171(G). Any property acquired by the parties outside of the period "during the marriage" is the separate property of the respective parties. See R.C.3105.171(A)(3)(b). Essentially, the final day of the period "during the marriage" is the valuation date of the parties' property unless some other date is specified.
We review a trial court's determination of valuation dates for an abuse of discretion. Schrader v. Schrader (Jan. 21, 1998), Medina App. No. 2664-M, unreported, at 7. An abuse of discretion means more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court.Freeman v. Crown City Mining, Inc. (1993), 90 Ohio App.3d 546,552. Instead, a reviewing court should be guided by a presumption that the trial court was correct. State v. Coppock (1995),103 Ohio App.3d 405, 411.
The trial was originally scheduled for June 19, 1995, and the parties had prepared their evidence on the value of their property accordingly, using the original trial date as an anticipated valuation date. For the most part, the parties' evidence was not adjusted for a December 1995 trial date. At the first day of the trial, December 18, 1995, the judge made the following statement:
 THE COURT: All right. Just so — we can go back on the record. So we're clear, it was my belief that this case was filed in March of 1994. The original date of trail [sic] was set forth June 19th of 1995, which was approximately 15 months after the filing date. Generally speaking, in accordance with law, the term during the marriage is from date of ceremonial marriage until date of trial.
 All right. This trial was continued because I was ill and could not be in court that day. And the case was subsequently set on this date, which is December 18th of 1995. You know, it is my belief that the term during the marriage should be from date of ceremonial marriage to the first date of trial. And just like I don't expect that any appreciation of her bank accounts should be considered from June on, nor do I think that on any other assets.
 I think June should be the date, all right? I think that that's — but for the fact that I got sick, these people would be divorced by now. They would have been divorced on that date. And those are the value dates that we would have used. I would not anticipate that you would have reprepared [sic] in order to deal with a later date. I think it's a fair ruling. I think it's an appropriate ruling that we go with June of 1995.
Neither party objected to the trial court's ruling, and the evidence proceeded accordingly.
However, when the trial court issued the decree of divorce, it found that the end date of the period "during the marriage" was December 18, 1995. No explanation is given as to why the court used the different date, nor did it account for any difference in valuation that would result. The court could not properly determine the value of the Whites' property for a December 18, 1995 date of valuation when the evidence revolved around a valuation date of June 19, 1995. Thus, the trial court abused its discretion in selecting December 18, 1995, as the valuation date.
Howard's first assignment of error is sustained. We modify the trial court's decree of divorce to reflect that the period "during the marriage" was from August 30, 1960, to June 19, 1995.
 II. Second Assignment of Error The Summit County Court of Common Pleas, Domestic RelationsDivision, erred in not valuing all of the parties' assets onthe same date.
Howard's second assignment of error contends that the trial court erroneously used different valuation dates for different items of the parties' property. We disagree.
As noted previously, the evidence presented by the parties generally revolved around a valuation date of June 19, 1995. However, both parties introduced into evidence values that reflected other dates. Howard points to various bank accounts, IRAs, and stocks that he argues reflect values from dates other than June 19, 1995. He argues that the trial court abused its discretion by using different valuation dates for different assets.
We cannot say that the trial court abused its discretion. First, Howard did not object at trial when the evidence bearing these different dates was introduced. A party may not assign as error an issue that could have been, but was not, raised in the trial court. Dunkle v. Kinsey (Jan. 14, 1998), Summit App. No. 18377, unreported, at 8. Second, the differing dates were not assigned by the trial court but were the product of the evidence introduced by the parties.[1] Where the trial court uses the dates and values provided by the parties in determining the value of property, there is no abuse of discretion. Pearson v. Pearson
(May 20, 1997), Franklin App. No. 96APF08-1100, unreported, at 12-13. Howard's second assignment of error is overruled.
 III. Third Assignment of Error The Summit County Court of Common Pleas, Domestic RelationsDivision, erred in failing to consider the tax consequencesof granting tax exempt assets to the wife and taxable assetsto the husband, without offsetting husband's tax liability.
In his third assignment of error, Howard argues that the trial court erred by awarding him assets from marital property that will have adverse tax consequences, whereas the property awarded to Linda has no such adverse impact. We disagree.
R.C. 3105.171(F) outlines nine factors that a trial court must consider when awarding marital property. One of those factors is "[t]he tax consequences of the property division upon the respective awards to be made to each spouse." R.C.3105.171(F)(6). In reviewing the trial court's findings, we presume that the trial court considered the relevant statutory factors. See Carpenter v. Carpenter (1988), 61 Ohio App.3d 584,588. We will reverse a property division only for an abuse of discretion by the trial court. Verplatse v. Verplatse (1984),17 Ohio App.3d 99, 102. Furthermore, the property division is to be reviewed in the context of the entire award. James v. James
(1995), 101 Ohio App.3d 668, 680.
The trial court did not abuse its discretion. Once again, this issue is raised for the first time on appeal. In addition, no evidence was presented on the issue of the tax consequences involved in the parties' assets; any attempt by the trial court to consider the tax consequences would be speculative and without evidentiary support. "[A] court need not consider tax consequences that are speculative." Id. at 688. Howard's third assignment of error is overruled.
 IV. Fourth Assignment of Error The Summit County Court of Common Pleas, Domestic Division,erred in designating funds that husband received byinheritance as marital property.
In his fourth assignment of error, Howard argues that the trial court abused its discretion by finding certain funds to be marital property. He asserts that he sufficiently traced the funds to prove their nature as separate property. We disagree.
In a divorce, marital property and separate property are mutually exclusive. R.C. 3105.171(A)(3)(b). Marital property is to be divided between the spouses, R.C. 3105.171(C)(1), while separate property is distributed solely to the spouse to whom the separate property belongs, R.C. 3105.171(D). Separate property is not rendered marital property solely by commingling, so long as the separate property is traceable. R.C. 3105.171(A)(6)(b). A trial court's characterization of property as marital or separate is reviewed under an abuse of discretion standard. Peck v. Peck
(1994), 96 Ohio App.3d 731, 734.
At trial, Howard introduced evidence of several inheritances, including an inheritance from his father's estate. Howard testified that the money he received from his father's estate was placed in a certain bank account. Howard also produced an exhibit he created that "trace[d] the funds in the negative by demonstrating the marital contributions to the account." However, there was no other supporting documentation that showed the sources of the money in the bank account. Howard had the burden of tracing the funds to prove their character as separate property. Quillen v. Quillen (May 5, 1997), Warren App. No. CA96-09-084, unreported, at 7. Howard having failed to produce supporting evidence, the trial court did not abuse its discretion in this regard. Howard's fourth assignment of error is overruled.
 V. Fifth Assignment of Error The Summit County Court of Common Pleas, Domestic Division,erred in failing to make a distribution of the personalproperty in the home and of that which had been removed fromthe home.
Howard's fifth assignment of error contends that the trial court abused its discretion in the division of the parties' personal property. The trial court found:
 The Plaintiff [Howard] vacated the marital residence in May of 1994. He thereafter re-entered the home on at least three occasions and removed a significant amount of personal property including the lawn tractor that was used to mow the lawn at the marital residence. Defendant [Linda] thereafter removed items from the home like the Royal Dalton [sic, Doulton] collection so that Plaintiff could not take them. The Court finds that the parties have, during the pendency of this case, utilized self help to accomplish an equal division of their household goods, furnishings, and personal property. This Court will not disturb this division so made by the parties.
Howard argues that this distribution is inequitable. He contends that Linda will receive a windfall by receiving both the personal property she removed from the marital residence and, by virtue of the trial court awarding the marital residence to Linda, the personal property that remains in the marital residence. We disagree.
At trial, Howard presented a list of items he represented to have been removed from the marital residence by Linda, including his valuation of those items. Howard also introduced an appraisal of the parties' other personal property that was still in the marital residence. In turn, Linda produced a list of personal property still in the marital residence, with a value assigned to each item. Linda also introduced into evidence a compilation of the items she said were removed from the marital residence by Howard, including the value attributed to each. Howard did not assign a value to any items he purportedly removed from the marital residence, nor did Linda assign a value to the items she allegedly removed. After reviewing the evidence and considering the property division as a whole, we cannot say that the trial court abused its discretion in making this property division as it did. See Kohler v. Kohler (Aug. 14, 1996), Lorain App. No. 96CA006313, unreported, at 6. Howard's fifth assignment of error is overruled.
Howard's first assignment of error is sustained. Howard's second, third, fourth, and fifth assignments of error are overruled. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is modified to reflect that the period "during the marriage" ended on June 19, 1995. The judgment of the trial court is affirmed in all other respects.
Judgment accordingly.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Summit Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. _______________________________ JOHN W. REECE
FOR THE COURT
QUILLIN, J., P. J.
CONCURS
BAIRD, J.
CONCURS IN JUDGMENT ONLY
[1] Howard cites Landry v. Landry (1995), 105 Ohio App.3d 289, in support of his argument. However, that case is distinguishable because Landry involved a referee who set different valuation dates for different assets without any explanation. In the case at bar, the trial court did not set different valuation dates but merely used the values and dates provided by the parties.