DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Tamala Helms appeals from the judgment of the Wayne County Court of Common Pleas, granting her a divorce from appellee Timothy Helms. We affirm.
Mr. and Mrs. Helms were married on September 23, 1989, in Wooster, Ohio. Two children were born as issue of the marriage: Joshua, born August 24, 1990, and Amanda, born December 16, 1993.
On March 11, 1996, Mrs. Helms filed for divorce in the Wayne County Court of Common Pleas. Mr. Helms filed a separate action for divorce in the Wayne County Court of Common Pleas two days later. The two cases were later consolidated, and Mr. Helms' complaint was denominated as a counterclaim.
The case was tried on October 11, 1996. Both parties and their attorneys were present. The parties stipulated to what debts each of them had incurred over the course of the marriage. Mrs. Helms presented evidence that she was a good mother to the children, that she did the household chores, and that Mr. Helms was frequently absent from the home. She also introduced Exhibit I, a list of the parties' personal property, listed as either separate or marital property, with her estimate of the fair market value of each item. Mr. Helms presented evidence that Mrs. Helms frequently became intoxicated, that she was arrested for driving under the influence of alcohol, and that he did most of the household chores. Mr. Helms testified that Mrs. Helms' figures in Exhibit I were inflated. The testimony showed that both parents loved their children, that the children loved both of their parents, and that both parties wished to be the residential parent of the children.
The trial court issued its decree of divorce on November 8, 1996. Mrs. Helms moved for findings of fact and conclusions of law under Civ.R. 52 on November 14, 1996. The trial court issued its findings of fact and conclusions of law on December 17, 1996. The court designated Mr. Helms as the residential parent of the two children and granted frequent visitation to Mrs. Helms. The court further found that the items listed in Exhibit I as separate property were to be the respective separate property of the parties. For the division of marital property, the court awarded each party "those items of marital property currently in their possession, free and clear of any claims of the other party," and found "this award of personal marital property to be equal." This appeal followed.
Mrs. Helms asserts two assignments of error. We address each in turn.
 First Assignment of Error The award of cutody [sic] to the defendant/appellee by thecourt was an abuse of discretion and/or is against themanifest weight of the evidence to the detriment of therights of the plaintiff/appellant.
Mrs. Helms first argues that the trial court erred by designating Mr. Helms as the residential parent. The trial court found that Mrs. Helms engaged in several drinking sprees and was arrested for driving while intoxicated, and that Mr. Helms was primarily responsible for the household chores (e.g., bathing the children, doing the laundry, cleaning the house) during the parties' marriage. Mrs. Helms claims that the trial court abused its discretion in making these findings and by designating Mr. Helms as the residential parent. We disagree.
When a trial court allocates parental rights and responsibilities, the main concern is "the best interest of [the] child." R.C. 3109.04(F)(1). The factors that the court must consider include, but are not limited to, the wishes of the parents; a child's interaction with the parents and others; the mental health of all persons concerned; the child's adjustment to home and school; which parent is more likely to honor the visitation and companionship rights of the other parent; whether either parent has failed to pay child support; and whether either parent has been convicted of abusing or neglecting children. R.C.3109.04(F)(1)(a), (c)-(h).
We review a trial court's decision allocating parental rights (formerly called custody) for an abuse of discretion. Rowe v.Franklin (1995), 105 Ohio App.3d 176, 181. An abuse of discretion means more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court.Freeman v. Crown City Mining, Inc. (1993), 90 Ohio App.3d 546,552. Instead, a reviewing court should be guided by a presumption that the trial court was correct. State v. Coppock (1995),103 Ohio App.3d 405, 411.
We find no abuse of discretion in the case at bar. Both parties presented conflicting testimony as to the behavior of the other, the feelings of the children toward their parents, and the responsibility each showed toward the children. The basis for Mrs. Helms' challenge is that her testimony should be believed instead of the testimony of Mr. Helms. The trial court, being in the best position to weigh testimony and pass on the credibility of witnesses, was entitled to find Mr. Helms to be a more acceptable witness than Mrs. Helms. See Schindler v. Schindler (Jan. 28, 1998), Summit App. No. 18243, unreported, at 3. After reviewing the record, we find that the evidence supports the trial court's findings and the designation of Mr. Helms as the residential parent for the Helms' children. Mrs. Helms' first assignment of error is overruled.
 Second Assignment of Error The trial court committed error as a matter of law and/orabused its discretion when dividing the property of theparties.
In her second assignment of error, Mrs. Helms argues that the trial court's division of the parties' marital property was improper. The court awarded each party "those items of marital property currently in their possession, free and clear of any claims of the other party," and found "this award of personal marital property to be equal." She contends that the court's findings are not supported by the record because "[t]here was no evidence of fair market value, that the parties divided between them items of personal property that were acquired during the marriage, and that the value of the personal property in the possession of each party is approximately equal."
In a divorce proceeding, the trial court is to determine what property of the parties is "marital property," or property acquired during the marriage. R.C. 3105.17.1(A)(3), (B). Marital property is to be divided equally, unless that division would be inequitable. R.C. 3105.17.1(C)(1). Under R.C. 3105.17.1(F), the trial court is to consider nine factors in distributing marital property. The distribution of marital property is to be supported by written findings of fact. R.C. 3105.17.1(G).
In reviewing the trial court's findings, we presume that the trial court considered the relevant statutory factors. SeeCarpenter v. Carpenter (1988), 61 Ohio App.3d 584, 588. We will reverse a property division only for an abuse of discretion by the trial court. Verplatse v. Verplatse (1984), 17 Ohio App.3d 99,102. Furthermore, the property division is to be reviewed in the context of the entire award. James v. James (1995), 101 Ohio App.3d 668,680.
We reject Mrs. Helms' second assignment of error. "This court has already held that a trial court does not have to value every single item of marital property." Schindler, supra, at 8. A trial court does not abuse its discretion by using values provided by the parties to determine the value of marital property. See White v. White (February 18, 1998), Summit App. No. 18275, unreported, at 6. The trial court relied on Mrs. Helms' Exhibit I in making the division of marital property. Mrs. Helms herself testified that she believed that the values she assigned to the property indicated the items' fair market value. And when the trial court inquired as to whether the parties' personal property was divided among the parties or all in one place, Mrs. Helms' attorney represented to the court that the parties had already divided the property. We find no abuse of discretion in the trial court's division of the parties' marital property.[1] Mrs. Helms' second assignment of error is overruled.
Mrs. Helms' assignments of error are overruled. The judgment of the Wayne County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Wayne Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. _______________________________ JOHN W. REECE
FOR THE COURT
SLABY, P. J.
BAIRD, J. CONCUR.
[1] Furthermore, if any error occurred, it resulted from the testimony and evidence presented by Mrs. Helms. Under the doctrine of invited error, a party who induced an error at trial is prohibited from asserting that error on appeal. Nottv. Homan (1992), 84 Ohio App.3d 372, 375.