DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Linda Ferrick appeals from the judgment of the Summit County Court of Common Pleas, Domestic Relations Division, granting her a divorce from appellee John Ferrick. We affirm.
Mr. and Mrs. Ferrick were married on April 30, 1982. Two children were born as issue of the marriage: John, born August 28, 1982; and James, born February 24, 1992.
On July 3, 1995, Mrs. Ferrick filed for legal separation in the Summit County Court of Common Pleas, Domestic Relations Division. Mr. Ferrick answered and counterclaimed for divorce on July 25, 1995. The matter was tried on October 9 and October 17, 1996. Both parties were present with their attorneys and presented evidence.
The trial court issued its decree of divorce on March 25, 1997. Among the provisions of the decree, the trial court ordered Mrs. Ferrick to file an amended 1995 federal tax return. This timely appeal followed.
Mrs. Ferrick asserts one assignment of error:
 The Trial Court Committed Error by Ordering the Plaintiff-Appellant to Amend Her 1995 Federal Income Tax Return.
Mrs. Ferrick alleges that at trial, the issue of whether the parties were to have filed a joint federal tax return for 1995 was raised.[1] Mrs. Ferrick asserts that the trial court ordered her to amend the tax return at trial. She contends that the trial court is without jurisdiction to order her to amend her federal tax return for 1995, because federal tax law is within the exclusive province of the federal courts. We disagree.
In a divorce, a trial court is required to effect a property division under R.C. 3105.17.1(B). We will reverse a property division only for an abuse of discretion by the trial court.Verplatse v. Verplatse (1984), 17 Ohio App.3d 99, 102. An abuse of discretion means more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Freeman v. Crown City Mining, Inc.
(1993), 90 Ohio App.3d 546, 552. Instead, a reviewing court should be guided by a presumption that the trial court was correct. State v. Coppock (1995), 103 Ohio App.3d 405, 411.
In dividing marital property, the trial court is required to consider the tax consequences of the division. R.C. 3105.17.1(F)(6). In Neeley v. Neeley (Nov. 14, 1984), Hamilton App. No. C-830928, unreported, at 5, the court held that a trial court has authority to order a party to a divorce action to amend a federal tax return. See, also, Andrew v. Andrew (Dec. 23, 1997), Henry App. No. 7-96-04, unreported; Bean v. Bean (Oct. 28, 1986), Montgomery App. No. 9571, unreported. We likewise hold that, in a divorce action, the trial court has jurisdiction and authority to order a spouse to amend a federal tax return as part of a property division.
We also find no abuse of discretion by the trial court in the case at bar in ordering Mrs. Ferrick to amend her 1995 federal tax return. This is not a case where the party who refuses to join in a joint return is constrained by a legitimate concern that the adverse party wants to file a fraudulent or inaccurate return, and the fear of personal liability for the civil or criminal consequences. Here, the data appear to be the same, and the only issue is joint v. individual filing. Accordingly, her sole assignment of error is overruled.
Mrs. Ferrick's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Summit Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant
 Exceptions. _______________________________ JOHN W. REECE
FOR THE COURT
BAIRD, P. J.
MILLIGAN, J. CONCUR.
(Milligan, J., retired Judge of the Fifth District Court of Appeals, sitting by assignment pursuant to Article IV, § 6(C), Constitution.)
[1] The record contains only one page of a trial transcript that makes reference to amending a 1995 federal tax return. We are unable to discern to what extent this matter was discussed in the trial court. However, in the interests of justice, we will consider the assignment of error presented.