OPINION
Defendant-appellant, Christopher Bauer, appeals the decision of the Clermont County Court of Common Pleas, Division of Domestic Relations, granting plaintiff-appellee, Connie Bauer, a divorce, awarding Connie spousal support, and dividing marital assets.
Christopher and Connie were married in 1968, and they had five children, all of whom are emancipated. In July 1998, Connie filed for divorce after Christopher left the marital residence to live with his girlfriend. A magistrate's hearing was held, and the magistrate's decision was filed in July 1999. The magistrate ordered that Connie return to Christopher certain guns, personal items, and jewelry. The magistrate awarded Connie $1,000 per month in spousal support, which would then decrease to $900 per month for the year 2000, and then to $800 per month beginning in 2001 and continuing until Connie turns 65, remarries or cohabitates with another, or either party dies.
Christopher filed objections to the magistrate's decision which were overruled by the trial court. Christopher argued that the magistrate did not properly consider the relevant statutory criteria regarding the property division and spousal support. The trial court reviewed the magistrate's decision at length, discussing how relevant statutory criteria were considered. On November 18, 1999, the trial court filed a decree of divorce which in essence adopted all of the conclusions reached by the magistrate. Christopher appeals, raising two assignments of error.
Assignment of Error No. 1:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT IN AWARDING AN EXCESSIVE AMOUNT OF SPOUSAL SUPPORT TO PLAINTIFF-APPELLEE AND WITHOUT COMPLYING WITH ORC § 3105.18(C)(1).
In his first assignment of error, Christopher contends that the trial court failed to indicate the basis for the amount of spousal support awarded to Connie. He asserts that the trial court and the magistrate failed to provide sufficient findings in support of the award for this court to properly review their decisions.
The trial court is given broad discretion in determining whether an award of spousal support is appropriate. Holcomb v.Holcomb (1989), 44 Ohio St.3d 128, 130. A trial court's decision to award spousal support will be reversed only if found to be an abuse of that discretion. Blakemore v. Blakemore (1993), 5 Ohio St.3d 217,218-219. Likewise, the trial court is given wide latitude in determining the amount of spousal support to be awarded, so long as the trial court properly considers the statutory factors of R.C. 3105.18. Bechtol v. Bechtol (1990),49 Ohio St.3d 21, 24.
R.C. 3105.18(C) sets forth fourteen factors a trial court must consider when fashioning a spousal support award. In making a spousal support determination, the trial court must examine evidence germane to all factors relevant to the case, then weigh the one spouse's need for support against the other spouse's ability to pay. Carnahan v. Carnahan (1997), 118 Ohio App.3d 393,399; Layne v. Layne (1992), 83 Ohio App.3d 559. In setting forth its decision, the trial court must indicate in its final decree its basis for the award in sufficient detail to enable the appellate court to properly review the award. Schneider v.Schneider (1996), 110 Ohio App.3d 487, 494, discretionary appeal not allowed (1996), 77 Ohio St.3d 1416.
The magistrate's decision, the trial court's decision overruling objections and the decree of divorce all set forth more than sufficient facts upon which to review the award of spousal support and the amount of that award. In fact, the decision overruling Christopher's objections to the magistrate's decision specifically lists and discusses relevant statutory factors.
The parties were married for thirty years, and Connie is now nearly fifty years old. She quit high school to marry and have children, receiving her GED only in 1990 or 1991. Connie has never held more than a lower-paying hourly job, and she presently works as a part-time temporary worker. Although she currently is living with the parties' daughter, she expects to find her own residence with her part of the proceeds from the sale of the marital home.
Connie estimated that her expenses would be approximately $1,000 or more per month. Although she admitted this was partly speculation, the trial court could easily have found this to be a reasonable estimation of expenses. Connie suffers from numerous medical conditions which limit her ability to work at certain tasks, and which also increase her personal expenses.
By contrast, Christopher works full time, with health benefits, earning over $45,000 per year. He presently resides with his girlfriend, who is a co-worker. Although Connie was awarded part of his retirement and 401K plans, he will have the benefit of being able to substantially increase the value of his share, a benefit Connie does not possess. Even though Connie received a number of assets and cash benefits, it is not unreasonable to find that Christopher should be responsible for supporting Connie in light of their still disparate economic and personal conditions.
In light of these extensive findings, it was not unreasonable for the trial court to find that Connie should be awarded spousal support in the amounts ordered. The trial court did not err by finding the spousal support award to be reasonable. The first assignment of error is overruled.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT BY NOT AWARDING HIM PROPERTY WHICH [WAS] HIS SEPARATE, INHERITED PROPERTY.
In his second assignment of error, Christopher contends that the trial court should have awarded him all of the guns, tools, and other items he listed on exhibits as his separate property. He raises this contention by arguing that the magistrate and the trial court incorrectly resolved conflicts in the testimony.
R.C. 3105.171(B) requires that in any divorce, the trial court must determine "what constitutes marital property and what constitutes separate property." The classification of property as separate or marital is reviewed according to the manifest weight of the evidence. Johnson v. Johnson (Sept. 27, 1999), Warren App. No. CA99-01-001, unreported, at 7. Under such review, the factual findings of the trial court relating to classification of property as marital or separate are reviewed to determine whether they are supported by competent, credible evidence. Barkley v. Barkley
(1997), 119 Ohio App.3d 155; Dever v. Dever (Apr. 12, 1999), Clermont App. No. CA98-07-050, unreported. The trial court has latitude to resolve issues of fact and make factual findings, if such are supported by the record.
After the trial court has classified property as marital or separate, it possesses broad discretion to effect an equitable and fair division of the marital estate. Cherry v. Cherry (1981),66 Ohio St.2d 348; Krisher v. Krisher (1992), 82 Ohio App.3d 159,163. R.C. 3105.171(C)(1) provides that an equal division of the marital property is only the starting point for the distribution of the marital estate. When making a division of the marital property, the trial court shall consider, among other things, the assets and liabilities of the parties. R.C. 3105.171(F)(2). Whether the division of assets and liabilities is equitable depends upon more than whether the parties receive equal shares of the marital estate. The court may also look to other factors, such as the ages of the parties, the length of the marriage, the relative education of the parties, and whether one spouse contributed to and supported the other in pursuit of a higher education. Verplatse v. Verplatse (1984), 17 Ohio App.3d 99, 102.
The magistrate and trial court extensively explained their decisions regarding the contested property. The parties had significant disputes regarding whether Christopher gave the children permission to take the guns and tools which they now possess. A review of the decisions below indicates that issues of credibility were resolved in favor of Connie and the children. There is support in the record for such resolution of these conflicts, and we may not now contradict those findings. The trial court reasonably determined that Christopher gave these items to the children as the equivalent of gifts.
The decisions below are also supported by the fact that Christopher was awarded a number of other guns, personal items, and a ring he asked to have returned. Connie was ordered to return these items, including those that are now in the possession of a third party. This appears reasonable under the facts presented.
Other items are unaccounted for by the parties. Connie claims to not have them or know where they are at present. Christopher argues that this cannot be true, and that Connie is using the children and third parties to hide his property. This was a matter of credibility for the lower court to address. The trial court resolved this issue in its decisions, and these findings have support in the record. The second assignment of error is overruled.
A review of the record reveals that this was a very contentious divorce that involved a great deal of emotion and animosity. The magistrate and trial court conscientiously made their decisions, providing the parties and this court with extensive findings and justifications for their conclusions. The trial court did not abuse its discretion in its property division and spousal support award.
 _____________________________ YOUNG, J.
POWELL, P.J., and WALSH, J., concur.