DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, James Nazarian, has appealed from the divorce decree entered by the Medina County Court of Common Pleas. We affirm.
Appellant and Appellee, Janis Nazarian, were married on July 17, 1971. Three children were born of the marriage; James, Justin, and Jerrod. The oldest child, James, is now emancipated. Appellant filed his complaint for divorce on November 20, 1996. On December 19, 1996, Appellee answered the complaint for divorce and filed a counterclaim against Appellant for divorce. A trial on the complaint and counterclaim occurred over the following dates: January 28-29, 1999, April 8-9, 1999, May 5, 1999, and July 27, 1999. On February 29, 2000, the trial court entered a forty-one page decision and a forty page judgment entry of divorce. On March 3, 2000, the trial court entered a nunc pro tunc journal entry correcting a portion of the judgment entry. In the aforementioned journal entries the trial court delineated and approved the parties' agreements regarding the division of all marital property, divided all assets that had not been divided by prior agreement, established custody and visitation for the parties' two minor children, set child support, and established spousal support. Appellant timely appealed and has raised two assignments of error for review.
 ASSIGNMENT OF ERROR I The [c]ourt's disposition of the Bagdad Road marital residence was manifestly unequal and violative of RC [sic.] 3105.171 and all the authorities.
In his first assignment of error, Appellant has argued that the trial court erred by granting Appellee the marital residence without giving him half of the equity in the property. We disagree.
The trial court is necessarily vested with wide discretion in formulating an equitable distribution of property. Berish v. Berish
(1982), 69 Ohio St.2d 318, 319. The trial court's discretion is broad, but not unlimited. Bisker v. Bisker (1994), 69 Ohio St.3d 608, 609. Reviewing courts are to employ the abuse of discretion standard of review in cases involving the division of marital property. Briganti v.Briganti (1984), 9 Ohio St.3d 220, 222, citing Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 218-220.
Pursuant to R.C. 3105.171(B), "the court shall divide the marital and separate property equitably between the spouses[.]" As stated in R.C.3105.171(C)(1) "the division of marital property shall be equal." However, this section goes on to state that "[i]f an equal division of marital property would be inequitable, the court shall not divide the marital property equally but instead shall divide it between the spouses in the manner the court determines equitable." Id.
In making a division of marital property, the court shall consider all relevant factors, including those set forth in division (F) of this section. R.C. 3105.171(C)(1). The factors set forth in 3105.171(F) include:
(1) The duration of the marriage;
(2) The assets and liabilities of the spouses;
 (3) The desirability of awarding the family home, or the right to reside in the family home for reasonable periods of time, to the spouse with custody of the children of the marriage;
(4) The liquidity of the property to be distributed;
 (5) The economic desirability of retaining intact an asset or an interest in an asset;
 (6) The tax consequences of the property division upon the respective awards to be made to each spouse;
 (7) The costs of sale, if it is necessary that an asset be sold to effectuate an equitable distribution of property;
 (8) Any division or disbursement of property made in a separation agreement that was voluntarily entered into by the spouses;
 (9) Any other factor that the court expressly finds to be relevant and equitable.
In reviewing the trial court's findings, we presume that the trial court considered the relevant statutory factors. See Carpenter v. Carpenter
(1988), 61 Ohio App.3d 584, 588.
In this case there were significant assets owned by the parties. This Court notes that the trial court found that there was no separate property and the entirety of the property, both real and personal, was marital property. The parties were able to reach a partial settlement agreement with regard to several of the assets. Specifically, with regard to the matters at issue in this case, the parties agreed that Appellee would receive the real property located at 4150 Bagdad Road while Appellant would receive the real property located at 4260 Columbia Road.[1] Appellant was represented by counsel at all times in the proceedings and he does not contend that Appellee exercised undue influence over him to compel him to make such an agreement. The trial court entered findings of fact with regard to the value of the Bagdad Road property, however, a value was not given with regard to the Columbia Road property. While this Court is unable to discern the value of the Columbia Road property, the trial court found that the parties' agreement to split the properties in the manner set forth above was fair and equitable and incorporated this agreement into the divorce decree.
In spite of the agreement that the parties entered into, Appellant has now argued that the Bagdad Road property should have been split equally because the vast majority of the remaining marital assets were split equally. He then set forth a list of seven assets, which were in dispute, to illustrate the inequity of awarding the Bagdad Property to Appellee. This Court first notes that the property division is to be reviewed in the context of the entire award and not just those items in dispute. James v. James (1995), 101 Ohio App.3d 668, 680. Accordingly, Appellant has failed to include numerous items in this list of assets which are imperative in evaluating whether the award was equitable. Most noteworthy, the Columbia Road property awarded to Appellant is conspicuously absent from this list.
Appellant has also argued that awarding this property to Appellee is inequitable when considered in light of other financial factors including the fact that he owes Appellee almost fifteen thousand dollars in unpaid child support and unpaid spousal support. This Court refuses to reward Appellant by granting him a greater share in the marital estate for failing to complete the legal obligations the court has determined that he owes to his spouse and children.
In light of the parties' agreement regarding the division of the properties and the fact that the trial court found that such agreement was equitable, coupled with the award of a second property to Appellant, this Court does not find that the trial court abused its discretion in awarding the Bagdad Road property to Appellee. In the context of the entire award and the factors surrounding the parties' marriage and divorce such a grant was equitable. Appellant's first assignment of error is without merit.
 ASSIGNMENT OF ERROR II The [c]ourt's disposition of Appellant's life insurance policies was inequitable.
In his second assignment of error, Appellant has argued that the trial court erred by requiring Appellant to maintain four life insurance policies with Appellee as the sole, irrevocable beneficiary of said policies. We disagree.
This Court notes that Appellant has failed to set forth a single, legal authority to support his contentions that the trial court erred in making such a distribution. In doing so, Appellant has failed to provide citations to authorities supporting his brief and the standard of review applicable to his assignment of error as required by App.R. 16(A)(7) and Loc.R. 7(A)(6). Appellant had the burden of affirmatively demonstrating error on appeal. Frecska v. Frecska (Oct. 1, 1997), Wayne App. No. 96CA0086, unreported at 4; Angle v. Western Reserve Mut. Ins. Co. (Sept. 16, 1998), Medina App. No. 2729-M, unreported, at 2. Furthermore, it is not the duty of this Court to search the record for evidence to support an appellant's argument of an alleged error. State v. Watson (1998),126 Ohio App.3d 316, 321; Frecska, supra, at 3.
Pursuant to App.R. 12(A)(2), this Court "may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based * * * as required under App.R. 16(A)." Advertising Tapes, Inc. v. Misquitta (Apr. 15, 1998), Summit App. No. 18631, unreported, at 2. Accordingly, since Appellant has failed to set forth any legal error by the trial court in this second assignment of error, this Court has no choice but to disregard it.
Appellant's assignments of error are overruled. The judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ LYNN C. SLABY
BATCHELDER, P. J., WHITMORE, J., CONCUR.
[1] Appellant has alleged that the Columbia Road property he was awarded under the terms of the settlement agreement was not marital property and thus, that he was not awarded a property or a setoff. This Court notes that this statement is not supported by the evidence.